[No. 6962. Decided December 20, 1907.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN F. JONAS, *Appellant.*[1]

RAPE—EVIDENCE—CORROBORATION—SUFFICIENCY. There is sufficient corroborative evidence, within Laws 1907, p. 396, requiring a prosecutrix for rape to be corroborated by evidence which "tends to convict the defendant of the commission of the offense," where, in addition to evidence of similar acts during several years, circumstances and conditions showing opportunity at the time in question, and testimony of a physician establishing the fact of intercourse for a considerable period, it appeared that the defendant advised his wife to induce the prosecuting witness to leave the state, and his admissions showed that he had often taken liberties with the person of the prosecutrix.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered July 8, 1907, upon a trial and conviction of the crime of rape. Affirmed.

*Maurice A. Langhorne* and *John H. McDaniels,* for appellant.

*C. R. Hovey* (*H. W. Hale,* of counsel), for respondent.

RUDKIN, J.—The defendant was convicted of the crime of rape, and prosecutes this appeal from the judgment and sentence of the court. Insufficiency of the evidence to justify the verdict is the only error assigned. The appellant contends that the testimony of the female raped was not corroborated as required by the act of March 15th, 1907, Laws of 1907, page 396. That act provides as follows:

"No conviction shall be had for the offense of rape, or seduction, in this state upon the testimony of the female raped, or seduced, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense."

[1]Reported in 92 Pac. 899.

The complaining witness, on direct and cross-examination, testified to numerous acts committed by the appellant, running over a period of two or three years, any of which would constitute the offense charged in the information; but at the close of the state's case the court required the prosecution to elect upon which of these several acts it would rely for a conviction. The prosecution thereupon elected to rely upon a certain act committed at the section house at Thorpe on the 18th day of December, 1906. The following testimony is found in the record tending to corroborate the testimony of the female raped. (1) Testimony as to the circumstances and conditions surrounding the parties at the section house on the night of December 18th, and at other times when like offenses are alleged to have been committed. (2) Testimony of the physician who made a physical examination of the complaining witness, to the effect that she had had intercourse with some person or persons extending over a considerable period of time. (3) Testimony as to prior acts. (4) Testimony that the appellant dictated a letter to his wife advising her to induce the prosecuting witness to leave the state. (5) Testimony as to admissions or confessions made by the appellant.

It is probably true, as contended by the appellant, that some of the testimony above alluded to, while generally referred to as corroborative in this class of cases, is not such within the meaning of this statute, or at least is not sufficient corroboration. It has often been held that mere proof of acquaintance and opportunity will not satisfy the requirements of such a law. The testimony of the physician tended in no way to connect the appellant with the crime charged, and perhaps would not be sufficient corroboration under ordinary circumstances. The injured female cannot corroborate herself, and therefore her uncorroborated testimony as to other acts of intercourse does not tend to corroborate her as to the particular act charged, within the meaning of the law. But we think that the testimony tending to show that the appellant

advised his wife to induce the prosecuting witness to leave the state, and his admissions or confessions that he had often taken liberties with the person of the complaining witness, and had committed acts which would constitute the crime of rape, though evidently not so understood by him, was amply sufficient to satisfy the requirements of the statute. *State v. Roller*, 30 Wash. 692, 71 Pac. 718; *State v. Wood*, 33 Wash. 290, 74 Pac. 380; *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810; *State v. Markins*, 95 Ind. 464, 48 Am. St. 733; *Cruikshank v. Gordon*, 118 N. Y. 178, 23 N. E. 457; *Carpenter v. Willey*, 65 Vt. 168, 26 Atl. 488; *Waterhouse v. Rock Island Alaska Min. Co.*, 38 C. C. A. 281, 97 Fed. 466.

While the admissions or confessions did not expressly refer to the particular act upon which the state relied for a conviction, they did not in terms exclude that act. They certainly tended to convict appellant of the particular offense charged, and that is all the law requires. *Andrew v. State*, 5 Iowa 389; *State v. Forsythe*, 99 Iowa 1, 68 N. W. 446; *Crozier v. People*, 1 Parker Crim. Rep. (N. Y.) 453; Wigmore, Evidence, § 2064.

There is no merit in the contention that the complaining witness did not testify to acts constituting the crime of rape on the 18th day of December. While she did not detail what occurred that night, she did, in effect, by reference to what transpired on another occasion.

We find no error in the record and the judgment of conviction is accordingly affirmed.

HADLEY, C. J., DUNBAR, CROW, MOUNT, FULLERTON, and ROOT, JJ., concur.