[No. 8887. Department One. November 15, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD

CROUCH, *Appellant*.[1]

RAPE—CORROBORATION OF PROSECUTRIX—NECESSITY. Under Rem.
& Bal. Code, § 2443, providing that no conviction of rape shall be
had upon the testimony of the prosecutrix unless supported by other
evidence, it is error to refuse to instruct the jury that no conviction
can be had upon the uncorroborated testimony of the prosecutrix,
when she was contradicted by other witnesses.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered October 16, 1909, upon a trial
and conviction of rape. Reversed.

*E. H. Howell*, for appellant.

PER CURIAM.—The appellant was convicted of the crime
of rape upon a female under the age of eighteen years. At
the trial, counsel for the appellant requested the court to in-
struct the jury to the effect that no conviction could be had
upon the uncorroborated testimony of the female alleged to
have been raped. The trial court refused to so instruct the
jury. This was error. The statute provides at § 2443, Rem.
& Bal. Code: "No conviction shall be had . . . upon the
testimony of the female upon or against whom the crime
was committed, unless supported by other evidence." This
means, of course, that there must be corroborative evidence.
The case was one where the prosecuting witness was dis-
puted by witnesses called by the state, and where the jury
should have been informed by the court that a conviction
could not be had upon her uncorroborated statements. The
refusal of the court to so instruct was clearly prejudicial
error.

The judgment must therefore be reversed, and the cause
remanded for a new trial.

[1]Reported in 111 Pac. 562.