[No. 10121.  Department Two.  March 18, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS ATON, *Appellant*.[1]

RAPE—EVIDENCE—CORROBORATION—NECESSITY—AGE AND PLACE—
INSTRUCTIONS.  An instruction in a prosecution for rape that cor-
roboration of the prosecutrix is sufficient if the testimony in any
material matter tends to connect the defendant with the commis-
sion of the offense, is not objectionable as making it sufficient if she
was corroborated as to her age.

CRIMINAL LAW—APPEAL—INSTRUCTIONS — REQUESTS — HARMLESS
ERROR.  Error cannot be predicated upon an instruction as to the
effect of a prior act of intercourse upon the credibility of the prose-
cuting witness in that it did not state the effect upon the girl's
consent to the act complained of, where no request was made there-
for, and the instruction given was favorable to the defendant.

Appeal from a judgment of the superior court for King
county, Gay, J., entered September 30, 1911, upon a trial
and conviction of rape.  Affirmed.

*Burkey, O'Brien & Burkey* and *Reynolds, Ballinger &
Hutson*, for appellant.

*John F. Murphy, Crawford E. White*, and *Reah M. White-
head*, for respondent.

MORRIS, J.—Defendant, having been convicted of the crime
of rape upon a female child of the age of sixteen years, ap-
peals.

The assignment of error first urged is that the evidence is
insufficient to establish the necessary element of force.  We
do not care to recite the testimony upon this feature.  It
was sufficient, if believed by the jury, to support a finding
that the act complained of was against the will of the pros-
ecuting witness, and that her resistance was overcome by
force.  The instructions of the court upon this point were
full and complete, and there could be no doubt in the minds

[1]Reported in 121 Pac. 980.

of the jurors as to the character of the force and resistance necessary to establish the crime complained of.

Complaint is next made of an instruction defining corroborating evidence, and of the failure of the court to give an instruction upon this point requested by the defendant. The requested instruction correctly defined the law. The court, however, preferred its own language to that of counsel for defendant, and gave its own instruction. We find no fault in it. Appellant's criticism is based upon this included sentence, "it is sufficient if the testimony in any material matter tends to connect the defendant with the commission of the offense." The argument is that the jury could have found corroborating evidence of the girl's age, or that the offense took place in King county, which, under the language complained of, would have been sufficient. It is a sufficient answer to this contention to say that evidence as to the girl's age, or the place where the offense was committed, would not tend to connect the defendant with the act complained of, which was what the court told the jury. The instruction plainly and clearly instructed the jury that the corroborating evidence must go to the commission of the act itself by the defendant. It could have been understood in no other sense. The girl had testified to a prior act of intercourse with a boy acquaintance. The jury were told this fact, if believed, might be considered by them as affecting her credibility. Appellant contends the court should have said "consent" instead of "credibility." No request was made to the court for an instruction as to the effect of a prior act of intercourse upon the girl's consent to the act complained of. It, therefore, cannot be held error that no such instruction was given. *State v. Douette,* 31 Wash. 6, 71 Pac. 556; *State v. Armstrong,* 37 Wash. 51, 79 Pac. 490; *State v. Parsons,* 44 Wash. 299, 87 Pac. 349, 120 Am. St. 1003. We do not feel called upon to consider whether the instruction given was good or bad. All that need be said is, if the instruction was bad, it was in defendant's favor, since there

was no question but that the girl had previously indulged in
this prior act and any doubt thrown upon her credibility
would be in defendant's·favor, and he cannot be heard to say
it was such a prejudicial error as to entitle him to a new trial.

Finding no error in the case, the judgment is affirmed.

FULLERTON, MOUNT, and ELLIS, JJ., concur.