[No. 12460. Department One. July 13, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN ARCHIE HESS, *Appellant*.[1]

CRIMINAL LAW—APPEAL—REVIEW—HARMLESS ERROR. Error in receiving the statement of a witness that accused first denied his guilt, but afterwards admitted it, is cured where the witness immediately stated the exact language of the accused.

RAPE—EVIDENCE—CORROBORATING EVIDENCE — SUFFICIENCY. In a prosecution for statutory rape, evidence that accused admitted that he was guilty, after having been accused of the offense by the prosecutrix in the presence of others, is sufficient as corroborating evidence, within the requirement of Rem. & Bal. Code, § 2443.

RAPE—INSTRUCTIONS—CORROBORATING EVIDENCE. In a prosecution for statutory rape, under Rem. & Bal. Code, § 2443, requiring corroboration of the testimony of the female, it is not error to instruct that the slightest corroboration may be sufficient if it tends to connect defendant with the commission of the offense.

SAME. In a prosecution for statutory rape, under Rem. & Bal. Code, § 2443, requiring corroboration of the testimony of the female, it is not error to give an instruction allowing the jury to consider all the evidence, including that of the female, as well as the corroborating testimony, if there is any; since it is only by comparison that its corroborative effect can be determined.

RAPE—EVIDENCE — PHOTOGRAPHS — ADMISSIBILITY. In a prosecution for statutory rape, in which it appeared that the accused had repeatedly taken the prosecutrix with him on automobile trips, and taken photographs of her and himself in secluded places, the photographs are admissible as evidence of opportunity to commit the offense.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered June 20, 1914, upon a trial and conviction of rape. Affirmed.

*Robert Welch* and *John F. Dore*, for appellant.

*Alfred H. Lundin* and *Lane Summers*, for respondent.

HOLCOMB, J.—Appellant was prosecuted and convicted upon an information charging him with the statutory crime

[1]Reported in 150 Pac. 6.

of carnal knowledge of a female child under the age of fifteen years, and of the age of fourteen years, under Rem. & Bal. Code, § 2436 (P. C. 135 § 367).

I. The chief contention of appellant, in the superior court and here, is that "the evidence was not sufficient to justify the verdict, there being an entire lack of corroborative testimony required by statute." The offense was alleged to have been committed in April, 1913, at which time the statute (Rem. & Bal. Code, § 2443; P. C. 135 § 381) requiring corroboration of the female against whom the crime was committed had not been repealed, but was then in force.

There was evidence that appellant had repeatedly taken the girl alone with him on automobile rides and took pictures of her and himself, in some instances in secluded places upon (apparently) country roads; that on April 21, 1913, the date of the offense charged, he had taken her somewhere in an automobile. On April 23, 1913, the girl having been detained by the juvenile officers at the Y. W. C. A., her mother, a woman doctor, a deputy prosecuting attorney, a school truancy officer, and the defendant being present, the girl made certain statements in his presence concerning his relations with her; that a physical examination of the girl had been made; that thereupon appellant asked that he be allowed to confer with the girl and her mother; that they went into another room, where appellant talked with the mother. She testified that he then "begged that he and the girl could get married; that at first he denied his guilt, but later on he admitted it."

The appellant moved to strike out this testimony as a conclusion of the witness, which was denied by the court and appellant excepted. The mother continued her testimony and said: "He (appellant) kept on begging that they could get married. I said I would consider it if he was guilty of what he was accused of. He said, 'Yes, it is true,' and he still kept on begging that he could marry her." The refusal of the court to strike the answer, "He at first denied his guilt

but later he admitted it," was probably erroneous, although in some jurisdictions, on similar statements, they have been admitted as proper as being mere abridgments of the conversation in substance, or the conclusion of the witness is a mere shorthand rendition of the substance of the spoken words of another. It would be better, of course, especially in a criminal prosecution, when life or liberty is at stake, for the court to require the witness to repeat the words of another, especially of an accused person in relation to the thing with which he is accused, to the best of the recollection of the witness, in substance as nearly as the witness can reproduce the language of the other. In this instance, however, it was not prejudicial to the accused, for the reason that the witness herself immediately cured the defect by stating the exact language of the accused as to his guilt. It does not do to argue, as does appellant, that the conversation did not imply that he answered that it was true that he was guilty of this offense. That specific matter had been under discussion in the other room immediately preceding the conversation with the mother. He had heard the statements of the girl, in the presence of the others, that "he was responsible" and the like. He himself testified, in alluding to the conversation with the mother, and in trying to put a different conversation in their mouths, that "in fact, they all believed I had had intercourse with the girl." It is obvious that he was not in the least doubtful as to what he was accused of, if he answered the mother that it was true.

The testimony as to such admission of guilt by the appellant, if believed, was ample corroboration of the testimony of the girl. The weight and credibility to be given that testimony, as to all the testimony, was for the jury. It is not for us to weigh the evidence. It was for the jury to say whether appellant made the admission testified to by the mother and its meaning, beyond a reasonable doubt. *State v. Jonas*, 48 Wash. 133, 92 Pac. 899; *State v. Workman*, 66 Wash. 292, 119 Pac. 751.

II.   Complaint is further made as to the refusal to give certain instructions requested by appellant and the giving of other instructions.   We shall not set forth the requested instructions.   They were quite lengthy and extended and incorporate therein perhaps most of the expressions used by this court, especially the strongest of them, upon the subject of instructing juries as to the necessity for, requirements of, and nature of corroborating testimony of the female in such cases.   The court might have given these extended instructions, but he apparently preferred to give shorter and just as meaningful instructions.   He instructed as to corroboration as follows, substantially:

"No conviction shall be had for the crime charged in this information upon the testimony of the female  .  .  .  unless supported by other evidence.   The testimony of the female child upon or regarding where the crime was committed must be supported or corroborated by credible evidence.   It is not necessary that her testimony be corroborated substantially in every detail.   It is not necessary that the corroborative evidence be sufficient of itself without the aid of her testimony to prove guilt.

"The slightest corroboration of her testimony may be sufficient if it tends to connect defendant with the commission of the offense.   Whether it is sufficient or not is a question for the jury and depends upon the consideration of all the evidence, including that of the female as well as the corroborating testimony, if there is any.   Your minds must be satisfied beyond a reasonable doubt as the court has heretofore defined the same."

Appellant claims that the instruction that "the slightest corroboration of her testimony is sufficient," is erroneous. Appellant requested substantially the same instruction in these words:  "It may be either direct or circumstantial, *and however slight*, it must tend to connect the defendant with the crime."   We see no essential difference between the words used and the words requested in that particular, and consider either of them proper instructions.   Appellant further complains that the court's instructions directed the

jury that they "might consider all of the testimony, *including that of the female* as well as the corroborating testimony, if there is any." There is no other way of determining whether any evidence is corroborative than by comparing it with the other evidence and ascertaining whether the one supports the other. The instruction was not erroneous. *State v. Carpenter*, 124 Iowa 5, 98 N. W. 775; *State v. Smith*, 124 Iowa 334, 100 N. W. 40.

III. Further error is claimed in the admission of the photographs. We see no error. The photographs were admitted by appellant to have been taken by himself—as to those of the prosecutrix and his automobile—and they were admissible anyway to show the nature of some of the places where he was with the prosecutrix and the fact that he had opportunities to commit the crime. That there were also photographs in the bunch of himself and other women could not possibly have prejudiced him by leading the jury to believe him guilty of the offense with the female named in this prosecution, nor lead them to infer that he was guilty of offenses with the other women, who had nothing to do with the case.

There is no prejudicial error in the record. Judgment affirmed.

MORRIS, C. J., PARKER, and MOUNT, JJ., concur.