[No. 515-40990-1.    Division One—Panel 1.    November 2, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. DANNY ERVIN HAYES, *Defendant,* HERMAN CALVIN TAYLOR, *Appellant.*

*Talbot, Smith & Stone* and *Edwin S. Stone,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Darrell E. Lee, Deputy,* for respondent.

PER CURIAM.—Herman Calvin Taylor was tried jointly with another for the crime of burglary in the first degree. He was found guilty. His codefendant was acquitted.

Taylor first questions the sufficiency of the identification of a jewelry box which was admitted in evidence as an exhibit. An arresting officer testified that he found the box in the pocket of a coat which he seized at the scene of the crime. The coat was identified by a lay witness who testified that Taylor wore the coat but removed it and laid it on the ground beside him while he was being held at gunpoint awaiting the arrival of the police.

The officer did not place an identifying mark on the jewelry box but did mark the coat before checking it into the police property room for safekeeping until trial.

The box was positively identified by the officer as having been found in the pocket of the coat. It was positively

identified by its owner as having been in his room prior to the burglary.

Clearly, the testimony identifying the jewelry box was sufficient to warrant its admission as an exhibit. Its weight as evidence was a jury question. *State v. Russell,* 70 Wn.2d 552, 424 P.2d 639 (1967); *State v. Slater,* 36 Wn.2d 357, 218 P.2d 329 (1950).

Taylor also assigns error to the rejection of three of his proposed instructions. All concerned the question of identity of the accused.

While a defendant is entitled to instructions which will permit him to argue a proper legal theory, *State v. Dana,* 73 Wn.2d 533, 439 P.2d 403 (1968), he may not put his argument in the court's instructions. The instructions which were given advised the jury that it was the state's burden to establish Taylor's identity beyond a reasonable doubt. Taylor's proposed instructions were so couched as to constitute a comment on the evidence and were properly refused.

Finally, Taylor asserts that the prosecutor improperly voiced his personal opinion as to Taylor's guilt. We have reviewed the questioned closing argument by the prosecutor and find Taylor's claim of error to be without merit.

The judgment is affirmed.