[No. 12131-6-I. Division One. December 21, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID WAGNER, *Appellant.*

*Raymond H. Thoenig* and *Paris K. Kallas* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Dan Gibson, Deputy,* for respondent.

WILLIAMS, J.—After a trial to the court, sitting with a jury, David Wagner was convicted of burglary in the second degree. He appeals from the judgment entered on the verdict, contending that the trial court erred by refusing to instruct the jury that Wagner could not be found guilty solely upon dog tracking evidence. We reverse.

The facts essential to a disposition of this case are as follows: On December 17, 1981, at 1:30 a.m., Ronald Kennedy heard noises in the basement of his home, awakened his wife, and directed her to call the police. Officer Miner and police dog Brando arrived within 3 minutes of Mrs. Kennedy's call, searched the basement, and found that a window had been removed. Shortly thereafter, Miner put Brando "on the scent" at the basement window. Brando tracked the scent to a nearby intersection where Miner saw Wagner talking with another officer. Miner then took Brando "off the scent."

At trial, Wagner requested the giving of an instruction on evidence of tracking dogs. The instruction proposed reads that:

> Evidence of tracking by bloodhounds or other trained dogs should be subjected to careful examination in the light of other evidence in the case, and should be acted upon with great caution. You should not find the defendant guilty upon such evidence alone.

The request was refused and no instruction on dog tracking evidence was given.

The rule in Washington is that dog tracking evidence must be supported by corroborating evidence; standing alone it is insufficient for a criminal conviction. *State v. Loucks,* 98 Wn.2d 563, 656 P.2d 480 (1983). In other jurisdictions which permit dog tracking evidence, circumspection is required in the form of an instruction stating, in substance, that such

evidence must be viewed with caution; that it must be

considered with all other testimony in the case; and that, in the absence of some other evidence of guilt, it does not warrant conviction.

*State v. Taylor,* 118 N.H. 855, 858, 395 A.2d 505, 507 (1978). *Accord, People v. Perryman,* 89 Mich. App. 516, 280 N.W.2d 579 (1979); *People v. Centolella,* 61 Misc. 2d 723, 305 N.Y.S.2d 279 (1969). *See* Annot., *Evidence of Trailing by Dogs in Criminal Cases,* 18 A.L.R.3d 1221 (1968).

In this case, independent evidence of Wagner's presence in the Kennedy home was introduced, probably the most damaging of which being the identification by an expert of his shoe print inside the basement. If believed by the jury, this would corroborate the dog tracking evidence. But where evidence requires corroboration, the jury must be so informed lest there be a conviction upon that evidence alone. *State v. Crouch,* 60 Wash. 450, 111 P. 562 (1910). *Accord, State v. Hess,* 86 Wash. 240, 243, 150 P. 6 (1915); *State v. Aton,* 67 Wash. 485, 486, 121 P. 980 (1912).

Reversed and remanded for a new trial.

CALLOW and RINGOLD, JJ., concur.

Reconsideration denied March 13, 1984.