[No. 16587-9-I.   Division One.   July 1, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. JOCK
WAYNE ELLIS, *Appellant.*

*Dori Jones* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael Hogan, Deputy,* for respondent.

WILLIAMS, J.—Jock Wayne Ellis was convicted by a jury of second degree burglary. He appeals from the judgment entered upon the verdict, contending the trial court erred by not giving his proposed instruction on the necessity of corroboration for dog track evidence.

Shortly after 3 a.m. on December 22, 1983, Seattle police officers answered a silent alarm at Dunlap Elementary School. Two men were seen running from the south end of the school, one wearing a brown leather jacket and darker pants, the other wearing a dark top and lighter colored pants. The police pursued, but lost sight of them when they

went past a fence and separated. A tracking dog was brought to the scene, and a man wearing a brown leather jacket and dark pants, later identified as Larry Chapman, was quickly located by the dog under a car.

After being returned to the school, the dog picked up a second scent leading to a nearby house, and pursued a man who ran from some bushes into a swampy area. The man displayed a knife but dropped it when ordered to by the police. Although he said his name was Robert Johnson, from fingerprint identification it was determined that he was Jock Wayne Ellis.

At his trial for second degree burglary, Ellis said that on the morning in question he awoke at 2:30 or 2:45 a.m., watched television for a short time, then went out to take his usual morning jog wearing white tennis shoes, a brown jacket and dark gray khaki pants. He said he was apprehended while on his way to a jogging area on the beach.

The issue presented by Ellis's single assignment of error is whether the court erred in refusing to give the following jury instruction:

> The jury must view evidence concerning a police dog track with caution. Evidence concerning a police dog track is insufficient, standing alone, to support a conviction for Burglary 2.
>
> To sustain its burden of proof, the State must introduce other evidence which clearly connects the accused with the commission of the offense. If the State has not introduced such evidence, it has not borne its burden of proof beyond a reasonable doubt, and you must find the defendant not guilty.

In *State v. Loucks,* 98 Wn.2d 563, 656 P.2d 480 (1983), the court held that the dangers inherent in the use of dog track evidence can only be alleviated by the presence of corroborating evidence identifying the accused as the perpetrator of the crime, and reversed a conviction because the dog track was "unsupported by other evidence linking Loucks to the burglary." *Loucks,* at 569. In *State v. Wagner,* 36 Wn. App. 286, 287–88, 673 P.2d 638 (1983), the court characterized a proper instruction as stating that dog

track evidence "must be viewed with caution; that it must be considered with all other testimony in the case; and that, in the absence of some other evidence of guilt, it does not warrant conviction."

██ Given these standards, Ellis's proposed instruction is a definite overstatement. Corroborating evidence is not "other evidence which *clearly connects* the accused with the commission of the offense." (Italics ours.) *State v. Loucks, supra,* and *State v. Wagner, supra,* refer simply to "other evidence." Corroborating evidence is defined as "[e]vidence supplementary to that already given and *tending* to strengthen or confirm it". (Italics ours.) Black's Law Dictionary 414 (4th ed. 1968). The proposed instruction implies that the other evidence must be sufficient by itself to convict the accused. Such an argument was specifically rejected in *State v. Nicholas,* 34 Wn. App. 775, 779, 663 P.2d 1356 (1983).

It is well established that a court is not required to give an instruction which is erroneous in any respect. *See State v. Refsnes,* 14 Wn.2d 569, 574, 128 P.2d 773 (1942); *State v. Humphries,* 21 Wn. App. 405, 411, 586 P.2d 130 (1978). Because Ellis's proposed instruction incorrectly stated the standard for dog track evidence, the trial court quite properly did not use it.

Ellis argues, in effect, that the court committed error in not giving a proper instruction on dog track evidence sua sponte. We held in *State v. Bockman,* 37 Wn. App. 474, 483, 682 P.2d 925 (1984) that the "lack of a limiting instruction on the weight of dog tracking evidence, however, is subject to a constitutional harmless error analysis", citing *People v. McRaft,* 102 Mich. App. 204, 301 N.W.2d 852 (1981). In that case the Michigan court adopted a constitutional analysis without discussion as to what provision of the constitution was implicated or why the failure to give the instruction rose to such magnitude. We certainly agree that when requested in an appropriate case the instruction must be given, *State v. Wagner, supra,* but the constitutional question in the final analysis is one of sufficiency of

the evidence. Thus, dog track evidence standing alone is not sufficient to support a conviction. *State v. Nicholas, supra.* The sufficiency of the evidence to convict implicates the defendant's due process rights and may be raised for the first time on appeal. *State v. Baeza,* 100 Wn.2d 487, 488, 670 P.2d 646 (1983).

In this case, there is sufficient evidence taken as a whole, including the dog track evidence, to find Ellis guilty beyond a reasonable doubt.

The judgment is affirmed.

WEBSTER, J., concurs.

RINGOLD, A.C.J. (dissenting)—I respectfully dissent because the trial court erred in failing to submit to the jury a cautionary instruction regarding police dog tracking evidence. The only fault the majority finds with regard to the proposed instruction is the reference to corroborating evidence which "*clearly connects* the accused with the commission of the offense."

### TRACKING EVIDENCE INSTRUCTIONS

In *State v. Loucks,* 98 Wn.2d 563, 656 P.2d 480 (1983), the court held that tracking dog evidence is not sufficient by itself to support a criminal conviction. Corroborating evidence which identifies the defendant as the perpetrator must also be presented. *Loucks,* at 567–68. Later that same year, this court in *State v. Wagner,* 36 Wn. App. 286, 673 P.2d 638 (1983) held that if tracking dog evidence is presented, the jury must be informed that the evidence requires corroboration, otherwise the jury may erroneously rest its conviction upon the tracking dog evidence alone. *Wagner,* at 288.

At the close of trial, Ellis submitted the following jury instruction to the trial court:

The jury must view evidence concerning a police dog track with caution. Evidence concerning a police dog track is insufficient, standing alone, to support a conviction for Burglary 2.

To sustain its burden of proof, the State must introduce other evidence which clearly connects the accused with the commission of the offense. If the State has not introduced such evidence, it has not borne its burden of proof beyond a reasonable doubt, and you must find the defendant not guilty.

Ellis cited *Loucks* as authority for the instruction, but the trial court refused to give it. In light of *State v. Wagner, supra,* it is evident that an instruction embodying the principles of *Loucks* should have been given. The State argues, however, that the failure to give the instruction in this case was not reversible error.

The State contends that while the first part of the proposed instruction is supported by *State v. Wagner,* the second paragraph which explains the burden of proof and the jury's duty if the burden is not met is objectionable. The State maintains that the second paragraph is argumentative and, therefore, the trial court did not err in refusing to give it.

An argumentative instruction is:

An instruction which singles out or unduly emphasizes a particular issue, theory, or defense, or one which tends to invade the province of the jury with regard to the weight, probative effect, or sufficiency of the evidence or the inferences to be drawn therefrom.

Black's Law Dictionary 137 (4th ed. 1968).

Though the instruction proposed by Ellis went beyond the language approved in *State v. Wagner, supra,* it is not argumentative. Black's Law Dictionary, *supra. Loucks* and its progeny teach that without other evidence connecting a defendant to the offense, there is insufficient evidence to convict. Considering the State's burden of proof, beyond a reasonable doubt, describing the "connection" as "clear" imposes no additional burden on the State. Contrary to the majority's assertion, it does not imply "that the other evidence must be sufficient by itself to convict the accused."

The additional language merely instructed the jury of its duty under the law if the State failed to sustain its burden. This is far removed from cases where the defendant

attempted to put his argument in the court's instructions. *See, e.g., State v. Birdwell,* 6 Wn. App. 284, 297, 492 P.2d 249, *review denied,* 80 Wn.2d 1009, *appeal dismissed, cert. denied,* 409 U.S. 973, 34 L. Ed. 2d 237, 93 S. Ct. 346 (1972); *State v. Lane,* 4 Wn. App. 745, 748, 484 P.2d 432 (1971); *State v. Hayes,* 3 Wn. App. 544, 545, 475 P.2d 885 (1970). Use of the adverb "clearly" did not change the principles reflected in the instruction.[1] Accordingly, the State's argument that the proposed instruction is improperly argumentative is without merit.

## WAIVER OF OBJECTION

Though not considered by the majority, it is necessary to consider the principal arguments made by the State to support the trial court's ruling. The State contends that Ellis should not be permitted to argue that *State v. Wagner, supra,* controls his case because Ellis failed to cite *Wagner* in his argument to the trial judge. The State notes that an instruction may not be challenged on appeal on a different ground than that asserted at trial. The State then reasons that since *Wagner* was not cited to the trial court, it cannot be cited on appeal.

First, when Ellis submitted the proposed instruction to the court, he cited *State v. Loucks, supra,* as authority. As already noted, *Loucks* held that tracking dog evidence alone is not sufficient to support a criminal conviction. Corroborating evidence which identifies the defendant as the perpetrator must also be presented. *Loucks,* at 567–68. Accordingly, Ellis' argument on appeal is essentially the same as the one he made to the trial court absent citation to *State v. Wagner.*

Second, it would be absurd to confine the legal arguments on appeal to citation of only those authorities previously presented to the trial court. Granted, if *Wagner* were cited to the trial judge, he may indeed have ruled differently. Nonetheless, the argument presented to the trial

---

[1]The bench and bar are prone to overuse the word "clear" as an adverb or adjective for emphasis.

court was the same as that asserted on appeal. *See Nicker-son v. Anacortes,* 45 Wn. App. 432, 437, 725 P.2d 1027 (1986) (citation to all supporting authority at trial is not a prerequisite to preserving for appeal an issue raised in the trial court).

## HARMLESS ERROR

The State in its brief argues that this case need not be reversed because the failure to provide the jury with the proposed instruction was harmless. Ellis responds that to determine whether the instructional error was harmless, this court must apply a constitutional harmless error analysis. *State v. Bockman,* 37 Wn. App. 474, 483, 682 P.2d 925 (1984).

The failure to instruct the jury on the need for corroborating evidence in this case is subject to a constitutional harmless error analysis. *State v. Bockman, supra.* Under a constitutional harmless error analysis, the error must be harmless beyond a reasonable doubt. *State v. Jones,* 101 Wn.2d 113, 125, 677 P.2d 131 (1984). The test to determine whether a constitutional error is harmless was articulated in *State v. Guloy,* 104 Wn.2d 412, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020, 89 L. Ed. 2d 321, 106 S. Ct. 1208 (1986), where the court adopted the "overwhelming untainted evidence" test. Under this test the appellate court looks only at the untainted evidence to determine whether it is so overwhelming that it necessarily leads to a finding of guilt. *Guloy,* at 426; *State v. Jackson,* 42 Wn. App. 393, 398, 711 P.2d 1086 (1985).

Ellis argues that application of this standard to his case reveals that the error cannot be considered harmless. The State argues:

> There was ample evidence independent of the dog track of Ellis upon which this jury convicted. The officers testified that in the vicinity of Dunlap School at 3:00 a.m., there was little or no other traffic. Officer Rix heard people running inside the building. Officer Beaver saw the two black males flee the south alcove of the school and scale the fence. Chapman, the other apprehended

suspect, matched the description Officer Beaver broadcast to all units. Chapman's fingerprint matched one recovered at the school. Ellis admitted under oath that he and Chapman were friends. Ellis's claim that he was out jogging at 3:00 a.m. lacked credibility when compared to the totality of evidence. In sum, then, the court's failure to instruct the jury that dog tracking evidence alone was insufficient was harmless error.

The problem revealed by the State's own characterization of the testimony is that besides the tracking dog evidence, there is little to support an identification of Ellis as the perpetrator. The description by Officer Beaver of the two fleeing black men was that one was wearing a brown leather jacket and darker pants. When apprehended, Chapman was wearing a brown leather jacket and jeans. As described by Officer Beaver, the other man was wearing a dark top and lighter colored pants. Ellis wore dark gray pants and a rust–colored jacket that morning.

Absent the tracking evidence, this is the only evidence identifying Ellis as the man seen fleeing the school building. This fact immediately distinguishes Ellis' case from *State v. Bockman, supra,* in which a witness also identified the defendant as the man he saw leaving a burglarized dentist's office. *Bockman,* at 484 n.3. It cannot be said that overwhelming untainted evidence of Ellis' guilt was presented to the jury. The failure to provide the requested instruction was not harmless error.

I would therefore reverse and remand.

Review denied by Supreme Court October 6, 1987.