[No. 26309-9-I.   Division One.   January 6, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY
DARNELL JONES, *Appellant*.

*Monica I. LaBeck* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Donald J. Raz, Deputy,* for respondent.

COLEMAN, J. — Larry Jones appeals the trial court's order entered May 31, 1990, finding him guilty of second degree theft and third degree assault. Jones contends that the trial court improperly stated the law in its jury instructions and erred in denying Jones' motion to dismiss. We affirm.

On May 13, 1989, Larry Jones visited the Federal Way Stock Market Food Store. The facts were controverted. Jones testified that he decided not to make a purchase and attempted to exit without going past the check stands by walking back through the "aisle of values" to the entrance. However, two store employees, Greg Larson and Kevin Dunn, testified that they saw Jones pushing a shopping cart full of cardboard as he traveled the wrong way down the entrance aisle of the store. Because Larson knew that cardboard is often used to cover shoplifted goods, Larson stepped between Jones and the door. At that point Larson noticed that the cardboard box in the shopping cart partially concealed a large number of cigarette cartons, and Larson asked Jones where he was going with the cigarettes.

Immediately, Jones stepped around the cart and tried to exit the store. Although it was disputed, Larson attempted to detain Jones by grabbing Jones close to his wrist, and Jones threw a punch at Larson's head causing Larson to release his grip. Larson then grabbed Jones' coat, and the two continued their scuffle as Jones exited the store. Outside the store Larson wrestled Jones to the ground with the help of two employees, Kevin Dunn and Ed Nelson. Jones struggled, kicked, and cursed the employees, kicking Dunn in the back several times before the police arrived.

After the police had placed Jones in custody, they inspected the shopping cart and the location where the cigarette cartons were kept. The shopping cart contained 61

cigarette cartons having a total value of at least $780, and the cigarette carton stock area had been disturbed and contained an obvious hole. Jones was charged by information with theft in the second degree, and at trial the State amended its information to include two counts of assault for Jones' actions against Larson and Dunn.

During trial Jones testified that while approaching the entrance he paused to look at some merchandise. Jones stated that while pausing in the "aisle of values" he stood close to the shopping cart but did not believe he touched it. Further, Jones testified that when Larson asked him what he was doing, he became scared and tried to leave. However, the jury chose to believe the employees' account of the incident rather than Jones' explanation, and after trial Jones was found guilty of one count of theft and two counts of assault. Jones appeals, claiming that the trial court improperly stated the law in its jury instructions and erred in denying his motion to dismiss.

We initially consider whether the trial court committed reversible error by improperly stating the rule of law in jury instruction 17 and by refusing to give Jones' proposed jury instructions 2 and 3.

Jones first assigns error to jury instruction 17 which stated:

Detention or apprehension by store personnel of a person is lawful if the store personnel have reasonable grounds to believe the person so detained was committing or attempting to commit theft or shoplifting on the store premises of store merchandise.

Jones asserts that instruction 17 improperly states the law because the language was taken from RCW 9A.16.080 which sets forth the statutory defense available to store personnel who have detained a suspected shoplifter. However, the statutory language is consistent with the common law right of citizen arrest which permits detention of a suspected shoplifter on reasonable grounds. *See State v. Miller*, 103 Wn.2d 792, 794-96, 698 P.2d 554 (1985). Thus, we conclude that using the statutory language in the jury

instruction on lawful arrest did not amount to an error of law.

Jones also asserts that instruction 17 is in error because it did not "inform the jury they had to consider the store employee's grounds for the arrest." However, instruction 17 did address grounds for arrest. The instruction stated that "[d]etention . . . is lawful if the store personnel have *reasonable grounds* to believe the person so detained was committing or attempting to commit theft[.]" (Italics ours.)

■ Jones next assigns error to the trial court's failure to give his proposed jury instruction 2, which would have instructed the jury that lawful arrest by an employee required probable cause and reasonable force. However, an appellate court need not consider issues that were not raised at trial, *see D.E.B.T., Ltd. v. Board of Clallam Cy. Comm'rs*, 24 Wn. App. 136, 142-43, 600 P.2d 628 (1979), and Jones admits that he "did not except to the trial court's failure to give his proposed probable cause instruction." Brief of Appellant, at 14 n.5. Even if Jones had preserved this issue for appellate review, we would decline to find error because the reasonable grounds instruction given correctly stated the law.[1]

■ Finally, Jones assigns error to the trial court's failure to give his proposed jury instruction 3, which stated:

> A citizen has the right to resist an unlawful arrest. . . .
>
> . . . .
>
> A person may not be convicted of third degree assault for resisting an unlawful arrest.

Because the trial court refused to give proposed jury instruction 3, Jones claims he was unable to argue his "theory of the case that he was unlawfully arrested and that his resistance was legally justified." However, Jones "is entitled

---

[1] Jones argues that the jury should have been required to find probable cause for lawful arrest and that the court's instruction requiring reasonable grounds was error. We disagree. Probable cause to arrest is often defined as "reasonable grounds to believe a suspect has committed or is committing a crime[.]" *See State v. Gonzales*, 46 Wn. App. 388, 395, 731 P.2d 1101 (1986); *State v. Tarica*, 59 Wn. App. 368, 376, 798 P.2d 296 (1990). The terms in this context are essentially synonymous.

to instructions on [his] theory of the case [only] if [he] supplies instructions which accurately state the law." *State v. Goree*, 36 Wn. App. 205, 208, 673 P.2d 194 (1983), *review denied*, 101 Wn.2d 1003 (1984). In addition, "a court is not required to give an instruction which is erroneous in any respect." *State v. Ellis*, 48 Wn. App. 333, 335, 738 P.2d 1085, *review denied*, 109 Wn.2d 1002 (1987).

Jones' proposed instruction is not complete as it does not point out that the right to resist unlawful arrest is qualified. The amount of force used to resist "must be reasonable and proportioned to the injury" about to be received. *State v. Rousseau*, 40 Wn.2d 92, 95, 241 P.2d 447 (1952). In addition, force may not be used to resist an unlawful arrest "which threatens only a loss of freedom". *Goree*, at 209. Because Jones' proposed instruction 3 misstated the law, the trial court did not err by refusing to give the instruction.

Moreover, even without instruction 3, the instructions taken as a whole permitted Jones to argue that he could legally resist an unlawful arrest. Instruction 17 permitted Jones to argue that the arrest was unlawful if it was not based on reasonable grounds. Instruction 19 permitted Jones to argue that he could legally resist an unlawful arrest if he believed he was about to be injured and the force used to resist was reasonable. Instruction 19 stated in part: "The use of force . . . is lawful when used by a person who reasonably believes that he is about to be injured and when the force is not more than is necessary." Thus, "the instructions, read as a whole, . . . allow[ed] counsel to argue their theory of the case.'" *State v. MacMaster*, 113 Wn.2d 226, 233, 778 P.2d 1037 (1989) (quoting *State v. MacMaster*, 51 Wn. App. 231, 233, 752 P.2d 954 (1988)).

Finally, we decide whether the trial court erred by failing to grant Jones' motion to dismiss because the State's evidence was insufficient to prove the charges beyond a reasonable doubt.

"Any challenge to the sufficiency of the evidence admits the truth of the State's evidence and all inferences

that reasonably can be drawn therefrom." *State v. Gear*, 30 Wn. App. 307, 310, 633 P.2d 930, *review denied*, 96 Wn.2d 1021 (1981). The test to determine whether the evidence is sufficient to support a conviction "is whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.*' " *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)). The reviewing court need not *itself* be convinced beyond a reasonable doubt. *Green*, at 221.

## A
### THEFT IN THE SECOND DEGREE

Jones first assigns error to the jury's finding that he was guilty of theft in the second degree. A defendant is guilty of theft in the second degree if the defendant wrongfully obtained the property of another, the defendant intended to deprive the other person of the property, and the property exceeded $250 in value. RCW 9A.56.020(1)(a), .040(1)(a). Jones claims that the State's evidence was insufficient to prove that he wrongfully obtained the cigarettes or had intent to deprive.

However, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found these essential elements of theft in the second degree beyond a reasonable doubt. Both Greg Larson and Kevin Dunn saw Jones pushing the shopping cart the wrong way down the "aisle of values" toward the store entrance. Larson saw Jones push the cart full of cigarettes to within 10 feet of the door. When Larson stopped Jones to ask what he was doing, Jones did not offer a reasonable explanation. Instead, Jones denied he was taking the cigarettes, immediately attempted to exit the store, and swung at Larson when Larson tried to detain him. On these facts a jury could have found that Jones had committed second degree theft beyond a reasonable doubt.

## B
### ASSAULT IN THE THIRD DEGREE

Jones next assigns error to the jury's finding that he was guilty of assault in the third degree against Greg Larson and Kevin Dunn. A defendant is guilty of assault in the third degree if he assaults another with intent to resist a lawful detention. RCW 9A.36.031(1)(a). Jones avers that the assault conviction is reversible because the State did not prove beyond a reasonable doubt that the detention was lawful, that Jones had intent to resist, and that Jones assaulted Larson and Dunn.

First, Jones claims that the State did not prove the detention was lawful. However, detention by store personnel is lawful if the store personnel have "reasonable grounds to believe" the person detained "was committing or attempting to commit theft". RCW 9A.16.080. *See State v. Miller*, 103 Wn.2d 792, 794-95, 698 P.2d 554 (1985). Because Jones was seen pushing a shopping cart containing 61 cartons of cigarettes toward the store entrance without having paid for them, the trier of fact could properly have concluded that the store employees had reasonable grounds to believe Jones was committing theft. Thus, the State's evidence is sufficient to show that Jones' detention was lawful.

Next, Jones claims that the State failed to prove beyond a reasonable doubt that Jones intended to resist detention. However, his challenge must be evaluated in light of "the State's evidence and all inferences that reasonably can be drawn therefrom." *Gear*, at 310. The State presented evidence that Jones resisted detention by swinging a roundhouse punch at Larson as Jones attempted to exit the store, by dragging Larson with him to the parking lot, and by struggling as Larson, Dunn, and Nelson subdued him on the ground. In light of this evidence, the trier of fact could have found that the State had proved resistance beyond a reasonable doubt.

Finally, Jones alleges error in the jury's finding that Jones assaulted Larson and Dunn. Assault is "an inten-

tional act, with unlawful force, which creates in another a reasonable apprehension . . . of bodily injury even though the actor did not actually intend to inflict bodily injury." WPIC 35.50. In addition, assault is the intentional touching "of the person or body of another, regardless of whether any actual physical harm is done to the other person." WPIC 35.50. The trier of fact could properly have found that Jones assaulted Larson because Jones swung at Larson to escape detention and Larson ducked to avoid the blow. Also, the trier of fact could have found that Jones assaulted Dunn because he kicked Dunn while attempting to escape. Thus, the jury could properly find that the State had proved the elements of assault beyond a reasonable doubt, and Jones' final assignment of error fails.

The order of the trial court is affirmed.

FORREST and KENNEDY, JJ., concur.

Review denied at 118 Wn.2d 1028 (1992).