MARY ANN BOYER *vs.* MILES FOWLER *et al.*

The act of Congress Aug. 16, 1856, regulating Courts in this Territory, and requiring the Judges of the Supreme Court to assign places for holding Courts, took effect when the order was made, pursuant to the act.

The Judicial District of King county having been abolished, by the order of the Judges, Nov. 10, 1856, under said act, the clerk of that Court, from that date, lost his legal existence—hence all his subsequent official acts were nullities.

A replevin bond is for the especial purpose of indemnifying the obligee or his assignee, against the damages adjudged in the trial in the particular suit in which it is given.

The old rule of trying the issue of damages on a replevin bond stated.

The suit in which the bond in this action was given, was dismissed. There being no judgment in favor of the obligee, she is concluded from maintaining an action on the bond.

Appeal from the Second Judicial District.

Opinion by McFadden, Chief Justice.

This case comes before the Court, on an appeal from a *pro forma* judgment, rendered by the District Court for the Second Judicial District, on an agreed statement of facts.

Suit was brought on a replevin bond executed by the defendant to the appellant and one George Barker, as joint obligees, in a replevin suit brought in the District Court of King county, on the 13th day of December, 1856, for the purpose of determining the right of Miles Fowler to the property therein named.

The issue was not tried, but from some cause not patent from the record, the case was dismissed; no order having been made for the restoration of the property, or for the determination of the rights of the parties. Subsequently the appellant in this case instituted a replevin suit in the District Court for the Second Judicial District, for the purpose of having the property, which formed the subject of the suit instituted by Miles Fowler, adjudged to her. On the trial of the issue, the right of property was adjudged to be in the appellant, Mary Ann Boyer, and damages to the amount of $270.00 assessed for the detention of the property. To satisfy these damages and costs, suit is brought on the replevin bond given in the original suit.

The case is before the Court on an agreed statement of facts, as well as upon the pleadings, and also the records in the replevin suits of Miles Fowler *vs.* Mary Ann Boyer, and Mary Ann Boyer *vs.* Miles Fowler.

Congress, on the 16th day of August, 1856, passed an act limiting and requiring the terms of the District Court to be held at three places in the Territory, and imposed upon the Judges of the Supreme Court, or a majority of them, when assembled at the seat of government, the duty of assigning the places for holding the Courts.

A majority of the Judges met in Olympia, then the Capital of the Territory, on the tenth day of November, 1856, and made the necessary order to give effect to the act of Congress. It has been held by this Court, in the case of the Territory *vs.* Leschi, that this act took effect from the time the orders were made by the. Judges of the Supreme Court. It is claimed, however, that the act of Congress contemplated something more than an informal meeting of the Judges. It will be observed, on an examination of the act, that no terms are used indicating orders in term time—the reference is to the orders of the Judges, or a majority of them, and not of the Court.

The organic act, confers upon the Judges the appointment of clerks for the District Courts. King county, up to the passage of the act of Congress referred to, was a Judicial District. On the said order of the Judges made the 10th day of November, 1856, the District Court for King county was merged into the District Court for the Second Judicial District. The clerk of the King county District Court, for ministerial or judicial purposes, ceased to exist; and as this suit was instituted subsequent to the order made by the Judges, and the bond on which the recovery is claimed, was executed on the 13th day of December, 1856, it follows that there was no District Court for King county—no clerk having a legal official existence, and the whole proceeding was a nullity.

Independent of this, however, we think there is another view of the case presented by the record and the pleadings, equally fatal to the right of the appellant to recover. A replevin bond is for a special purpose; it is to protect the obligee or his assignee, and furnish him the means of indemnity for any damages which may be adjudged to him in the trial of the issues presented in the particular suit in which the bond has been given. It is not to indemnify against damages which may be recovered in some subsequent suit, but for the damages which may be recovered in the particular suit in which the bond is given.

The old rule was, on the trial of the issue in replevin, to render an interlocutory judgment, on which a writ of inquiry

to assess damages was issued, on the return of which, final judgment was signed. The bond was executed to the sheriff, and the party avowant or person making cognizance, if the judgment was in his favor, was entitled to have the bond assigned to him, on which, in case of default, he was entitled to bring suit in his own name.

The suit in which this bond was given was dismissed. There was no judgment in favor of the appellant, and she is therefore concluded.

We think both these points are fatal to the appellant, and that the judgment must be affirmed.