[No. 3488–1.   Division One.   March 28, 1977.]

R. L. HIGGINS, ET AL, *Respondents*, v. BEN V.
SALEWSKY, ET AL, *Appellants*.

*Campbell & Hall, H. John Hall,* and *Nordquist, Olson & Pietig,* for appellants.

*Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson* and *John C. Kouklis,* for respondents.

ANDERSEN, A.C.J.—

## FACTS OF CASE

In a declaratory judgment proceeding, the trial court voided a Centralia, Washington, civil service examination for the position of fire captain, and ordered the City to enact legislation creating a lawful civil service system for its fire department. The City of Centralia, its civil service commission and the successful candidate for fire captain, Alfred Gray, bring this appeal.

The plaintiffs, R. L. Higgins and Warren Cobb, were firemen employed by the City of Centralia and had been unsuccessful applicants at the civil service examination for fire captain conducted by the civil service commission of that city. The examination purported to be conducted pursuant to Fire Civil Service Rules dated July 1, 1971, which had been adopted by the city's civil service commission just prior to the examination in question.

In his opening statement at the trial, plaintiffs' attorney indicated that the plaintiffs would establish that the examination had not been conducted in accordance with either the Fire Civil Service Rules or the requirements of state law establishing civil service for city fire fighters, RCW 41.08.

Evidence was presented tending to show violations of the Fire Civil Service Rules and state civil service statutes. As the trial to the court progressed, however, it took a somewhat different turn. Particularly during examination and cross–examination of the mayor and members of the civil

service commission, a more fundamental question developed, *i.e.,* under what authority, if any, was the city's civil service system relating to the fire department functioning?

At the close of the entire case, the trial court entered findings to the effect that the examination had been conducted in such a manner as to violate provisions of Centralia's Fire Civil Service Rules, as well as various state statutes relating to civil service for city fire fighters.

Further, however, the trial court entered findings regarding the validity of the fire department's entire civil service system. These findings included: that with the exception of one possible competitive examination for fire chief in 1968 and the examination here in question, all promotions in Centralia's fire department had been made entirely on the basis of seniority; that no civil service system for the fire department had ever been established by city ordinance, charter provision or other city regulation; and that there had not been substantial compliance with state statutes enacted in 1935, requiring civil service for city fire fighters, RCW 41.08.

It was on the basis of these findings that the trial court concluded that the fire captain examination in issue was a nullity, and further

> That the City of Centralia should be required to enact enabling legislation so as to establish, regulate and maintain a fire department and to properly create a Civil Service Commission with powers to conduct examinations and recommend appointments in accordance with State Civil Service laws applicable to city fire departments.

It is from the judgment entered on these findings and conclusions that defendants appeal.

Three issues are dispositive.

## ISSUES

ISSUE ONE. Did the trial court err in finding that the City of Centralia had not enacted any implementing legislation to establish a civil service system for its fire department?

Issue Two. Was the action of Centralia's Civil Service Commission void for lack of implementing legislation?

Issue Three. Did the trial court err in not requiring the plaintiffs to exhaust their administrative remedies before bringing this declaratory judgment action?

### Decision

Issue One.

Conclusion. Where plaintiffs have the burden of proving a negative, such as in this case that no city legislation had been enacted implementing a fire department civil service system, the plaintiffs' proof is sufficient if it renders the existence of the negative probable. Here, the plaintiffs' proof was sufficient.

■ Existence or lack of existence of an ordinance should ordinarily be pleaded, CR 9(i), and if proof is then required, it should be in accordance with the provisions of CR 44.

Although the plaintiffs' complaint did not specifically allege that Centralia had not adopted city legislation implementing a civil service system for its fire department, it did allege that the fire captain's appointment was unlawful and violated applicable civil service statutes. That was sufficient. CR 8(a).

Although proof of lack of legislation establishing Centralia's civil service system was not presented in the manner contemplated by court rule, CR 44, some proof did come in and much of it was without objection. *See* CR 15(b). The record shows that respective counsel made a search for implementing ordinances, including a review of the printed volume of Centralia's Municipal Code, but were unable to find any such ordinances. At one point in colloquy on the subject, the court stated:

> Well, [the city attorney] said no, no in open court, that there is no ordinance, and no, there was no eligibility list.

It was plaintiffs' burden to prove that there was no city legislation establishing a fire department civil service system. The rule is, however, that

Full and conclusive proof is not required where a party has the burden of proving a negative, but it is necessary that the proof be at least sufficient to render the existence of the negative probable, or to create a fair and reasonable presumption of the negative until the contrary is shown.

(Footnotes omitted.) 30 Am. Jur. 2d *Evidence* § 1163, at 338 (1967). *Accord,* 31A C.J.S. *Evidence* § 112, at 190 (1964); E. Cleary, *McCormick's Handbook of the Law of Evidence* § 337, at 786 (2d ed. 1972). Although the procedures here employed are not to be commended, measured by the test just stated, the plaintiffs' proof of lack of implementing city legislation was sufficient. In so holding, we note particularly that the City was given an adequate opportunity, both at trial and in post–trial proceedings, to produce any implementing city ordinances, charter provisions or regulations, but did not do so.

In fairness to all concerned, it must be added that there is nothing in the record to suggest other than that the failure to enact civil service enabling legislation is due to anything other than inadvertence or misunderstanding as to the requirements of state law.

Issue Two.

Conclusion. The state law establishing civil service for city fire fighters, RCW 41.08, is not self–executing. It requires that the cities covered thereby carry out the statutory provisions by enacting appropriate city legislation for that purpose. This was not done by the City of Centralia, and its civil service commission was de facto only, and the purported examination for fire captain conducted by it was null and void.

State law establishing civil service for city fire fighters applied to Centralia and required that it enact implementing city legislation. The statute provides:

> *Local legislation required—Penalty. The various cities affected by the provisions of this chapter, shall, immediately upon the taking effect thereof, enact appropriate legislation for carrying this chapter into*

*effect,* and the failure upon the part of the duly constituted authorities of any such city so to do shall be considered a violation of this chapter and be punishable as such.

(Italics ours.) RCW 41.08.170.

█ The state enactment requiring civil service for city police contains an identical section requiring local legislation, RCW 41.12.170. The State Supreme Court quoted that statute, RCW 41.12.170, in *Reynolds v. Kirkland Police Comm'n,* 62 Wn.2d 720, 730, 384 P.2d 819 (1963) in holding that

> It is apparent that the creation of a civil service commission, with the power to carry out the provisions of the statute, required action on the part of each municipality covered . . .

As the court also held in *Reynolds,* the provisions of state law establishing civil service for police, which is substantially the same as state law establishing civil service for city fire fighters, are *"not self-executing."* (Italics ours.) *Reynolds v. Kirkland Police Comm'n, supra* at 728.

As the trial court here found, up to the time of the trial of this case, the City of Centralia had not adopted legislation implementing state law requiring civil service for city fire fighters, RCW 41.08.

█ Under a constitutional government such as ours, there can be no such thing as an *office de facto,* as distinguished from an *officer de facto.* Hence, the general rule that the acts of an officer de facto are valid has no application where the office itself does not exist. *Boyer v. Fowler,* 1 Wash. Terr. 101 (1860); 3 E. McQuillin, *The Law of Municipal Corporations* § 12.104 (3d ed. rev. 1973); *De jure office as condition of a de facto officer,* Annot., 99 A.L.R. 294 (1935). The Centralia civil service commissioners, however appointed, do not hold such office because no implementing city legislation has been adopted which established their offices. The actions of the civil service commission, having been directly challenged in this action and judicially passed upon, were therefore void. 3 E.

McQuillin, *The Law of Municipal Corporations* § 12.104
(3d ed. rev. 1973); Annot., 99 A.L.R. 294 (1935).

The trial court therefore did not err in concluding that
the examination for fire captain here in issue was a nullity,
and in further requiring that the City enact enabling legis-
lation to establish a civil service commission to conduct
examinations and recommend appointments in accordance
with the state law applicable to city fire departments.

Having ruled on the basis stated, it is unnecessary to
address the assignments of error going to the validity of the
trial court's findings that the fire captain examination vio-
lated provisions of Centralia's Fire Civil Service Rules and
state statutory requirements.

ISSUE THREE.

CONCLUSION. The doctrine of exhaustion of administra-
tive remedies does not apply when the issue presented is
the validity of the agency itself.

█ The fundamental issue before the trial court was
whether or not Centralia had established a valid civil serv-
ice system for its fire department. An administrative agency
does not have the authority to decide the validity of the law
under which it operates; and, further, in view of our holding
herein, there is no administrative remedy to exhaust. *Bare
v. Gorton,* 84 Wn.2d 380, 382, 526 P.2d 379 (1974). *See also
Schreiber v. Riemcke,* 11 Wn. App. 873, 874, 526 P.2d 904
(1974).

██ We have reviewed the rest of the 22 assignments
of error, and we conclude that they are not well taken.
Some of them relate to issues which we do not reach
because of the basis on which we have rendered our deci-
sion. See discussion under Issue One. Other assignments
challenge findings of fact for which there is substantial evi-
dence in the record and will therefore be considered as ver-
ities on this appeal. *Thorndike v. Hesperian Orchards, Inc.,*
54 Wn.2d 570, 343 P.2d 183 (1959); *Charles Pankow, Inc. v.
Holman Properties, Inc.,* 13 Wn. App. 537, 542, 536 P.2d 28
(1975). The remaining assignments of error are unaccom-
panied by citation of authority, and since it is not apparent

without further research that they are well taken, we will not further consider them. *DeHeer v. Seattle Post-Intelligencer,* 60 Wn.2d 122, 126, 372 P.2d 193 (1962); *Charles Pankow, Inc. v. Holman Properties, Inc., supra* at 539.

Affirmed.

SWANSON and CALLOW, JJ., concur.