[No. 15320-0-I. Division One. September 29, 1986.]

THOMAS NICKERSON, *Appellant,* v. THE CITY OF ANACORTES, *Respondent.*

*David R. Wohl,* for appellant.

*Stephen Mansfield, City Attorney,* for respondent.

SCHOLFIELD, C.J.—Thomas Nickerson appeals the trial court's granting of summary judgment to the City of Anacortes on the issue of his right to a hearing prior to being

terminated as a police sergeant and the issue of whether his termination was in good faith. We hold that Nickerson was entitled to a pretermination hearing, but that his discharge was for cause and in good faith. We remand to the Superior Court for further proceedings regarding the effect of the denial of a pretermination hearing.

On September 4, 1981, Nickerson was terminated as a police sergeant for the City of Anacortes. This was done by a letter signed by the city manager and chief of police stating as reasons for the discharge (a) damage to a motel room on May 13, 1981; (b) habitual use of marijuana; (c) possession and delivery of marijuana on August 4, 1981; and (d) retention of marijuana confiscated in a traffic stop. An additional reason for discharge was an allegation that Nickerson had divulged plans to do harm to Police Captain David Mead and Chief of Police Tony Lippe. At Nickerson's request, a civil service commission hearing was conducted by Hearing Examiner Hugh Ridgway on October 26, 1982.

Nickerson was a member of the Anacortes police force for more than 3 years prior to his dismissal. In May 1981, while attending police training in Seattle, he broke down his motel room door to search for his gun. Nickerson paid for the damage to the door, and did not receive disciplinary action for that occurrence.

Early in 1981, Nickerson felt antagonistic toward his superiors, Mead and Lippe, and apparently developed a desire to do them harm, although this was never acted upon nor communicated directly to them. Resulting mental stress led Nickerson to seek professional counseling in July of that year. His counselor testified that he felt Nickerson's problems had subsided.

Although Mead testified that an investigation of Nickerson began in June 1981 as a result of several informants' statements in a homicide investigation, the hearing examiner found that there was no indication that any particular investigation was begun on Nickerson until late July or early August 1981. That investigation was begun shortly

after Nickerson confided to his friend, Officer Rodney Dodge, that he wished Mead and Lippe harm.

On August 4, 1981, Mead gave Dodge some marijuana and instructed him to visit with Nickerson to see if Nickerson was using drugs. After they had consumed several beers together, Dodge produced his marijuana. Nickerson produced some marijuana of his own, and both men smoked some. Nickerson refused to sell marijuana to Dodge, but *gave* some to him. Also, Nickerson apparently showed Dodge several volumes of a series of books entitled, *How To Kill,* and again mentioned hostile feelings toward Mead and Lippe. Although not mentioned by the hearing examiner, apparently after this incident, Nickerson received a merit pay increase and a citation for assisting in a diving operation.

Around September 1, 1981, Dodge was instructed to arrange a meeting with Nickerson at a local tavern. Dodge was accompanied by two undercover police officers from Bellingham. Dodge asked Nickerson for marijuana. When Nickerson replied that he had none, the matter was dropped.

At the hearing before the Civil Service Commission, Nickerson admitted to having used marijuana on four or five occasions while a police officer. He testified that although he told Dodge that the marijuana he had on August 4 was confiscated from an arrestee, in reality he had obtained it from a friend. Nickerson was arrested as a result of the August 4 incident, and ultimately pleaded guilty to misdemeanor possession of marijuana.

The hearing examiner found that, historically, the police department had dealt with mental stress not by discharging an officer, but rather by offering consultation and medical leave. Further, the hearing examiner found that the discharge of Nickerson, if based on his mental stress and the motel incident, would not have been in good faith, but that Nickerson's drug violations were sufficient to justify his termination, even though the method used in obtaining evidence of his marijuana use "may seem unfair play".

The hearing examiner's findings and conclusions were affirmed by the Civil Service Commission on March 2, 1983. On appeal to the Superior Court, the City's motion for summary judgment was granted, and Nickerson's appeal was dismissed.

Appeal to this court timely followed.

This appeal involves essentially two issues. The first is whether Nickerson was entitled to a pretermination hearing, and the second is whether the record supports the summary judgment entered by the superior court holding that his discharge was for cause and in good faith.

### PRETERMINATION HEARING

Before the Civil Service Commission and the Superior Court, Nickerson contended he was entitled to a pretermination hearing based on the rules of the Anacortes Civil Service Commission. We have reviewed the cited sections of those rules and conclude they do not require a pretermination hearing.

Section 5.3 is the only section providing for hearings. A reading of the subsections of 5.3 makes it clear that it provides only for full evidentiary hearings where requested by a person seeking review of "the ruling from which he appeals". Section 5.3.2. Section 5.3.3(A)(1) requires a petition for a hearing before the Commission in a discharge case to be filed within 10 days of mailing of the notice of discharge.

Section 5.14 deals with grounds for discharge and other disciplinary matters. Section 5.14.2 states in part:

> A permanent employee may be discharged from City service, or demoted, or suspended without pay only after he has been notified, in writing, of the reasons for such action.

These sections clearly contemplate that disciplinary action can precede any hearing provided by the rules of the Civil Service Commission. The hearings are designed to review disciplinary action which has already taken place. Therefore, we reject Nickerson's contention that he was

entitled to a pretermination hearing under the rules of the Civil Service Commission.

We are satisfied, however, that Nickerson was entitled to such a hearing based on *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985). The City argues that Nickerson is not entitled to relief based on *Loudermill* because his argument below was based entirely upon interpretation of the Anacortes Civil Service Commission Rules and Regulations. There are two answers to this argument. One is that a pretermination hearing, under the facts of *Loudermill,* is a constitutional right. Errors of constitutional magnitude can be reviewed on appeal, whether the error was raised below or not. *State v. Pam,* 98 Wn.2d 748, 659 P.2d 454 (1983).

The second reason is that the right to a pretermination hearing was asserted below. The trial court's decision was rendered August 21, 1984, prior to the filing of the *Loudermill* opinion. Otherwise, *Loudermill* would have been argued to the Superior Court. In any event, it is not necessary to cite all supporting authority in the trial court in order to preserve a substantive issue for appeal. It is only necessary that the issue be raised.

In *Loudermill,* the Supreme Court held that a classified civil servant (employment terminable only for cause) was entitled to a pretermination hearing prior to discharge. The hearing is a limited hearing, sufficient for a determination of whether reasonable grounds exist to support the discharge. The Court said:

> The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.

*Loudermill,* at 546.

Loudermill was discharged without such a hearing, and the discharge was upheld at a hearing before the civil service commission. Instead of seeking review in state court, Loudermill brought suit in federal district court, alleging the unconstitutionality of the discharge procedure. The

district court dismissed for failure to state a claim. The Court of Appeals reversed, and the Supreme Court affirmed the Court of Appeals and remanded "for further proceedings consistent with this opinion." *Loudermill,* at 548.

Nickerson had a property interest in his employment with the Anacortes Police Department. He was subject to discharge only for cause. Section 5.14.1 of the Anacortes Civil Service Commission Rules and Regulations lists the "Causes for Discharge, Demotion, Suspension and Other Disciplinary Action." Under *Loudermill,* he was entitled to a pretermination hearing he did not receive.

### JUST CAUSE AND GOOD FAITH ISSUES

Nickerson requested and received a hearing before a hearing examiner designated by the Civil Service Commission. The examiner heard oral testimony from both sides, admitted documentary evidence and submitted a written summary of the evidence and findings of fact and conclusions of law. He found as a fact that Nickerson possessed and used marijuana in violation of law and concluded as a matter of law that his conduct involving marijuana justified his discharge from the Anacortes Police Department under section 5.14.1(d), prohibiting "[c]onduct not compatible with City employment". Nickerson does not challenge the hearing examiner's findings of fact. However, Nickerson does assert very generally that it was error for the court to conclude that his discharge was in good faith and for cause.

RCW 41.12.090 prescribes the procedure for removal, suspension, demotion or discharge of a police officer and provides for appeal as follows:

> The court of original and unlimited jurisdiction in civil suits shall thereupon proceed to hear and determine such appeal in a summary manner: *Provided, however,* That such hearing shall be confined to the determination of whether the judgment or order of removal, discharge, demotion or suspension made by the commission, was or was not made in good faith for cause, and no appeal to such court shall be taken except upon such ground or grounds.

If a city ordinance establishing a civil service commission for city police includes provisions substantially accomplishing the purposes of RCW 41.12, the provisions of the ordinance will apply. Otherwise, the statute controls. *Reynolds v. Kirkland Police Comm'n,* 62 Wn.2d 720, 384 P.2d 819 (1963) (cited with approval in *International Ass'n of Fire Fighters, Local 404 v. Walla Walla,* 90 Wn.2d 828, 831, 586 P.2d 479 (1978) and *Higgins v. Salewsky,* 17 Wn. App. 207, 212, 562 P.2d 655 (1977)). Either way, the issue is whether the discharge was in good faith for cause.

The Civil Service Commission affirmed the hearing examiner's findings and conclusions on March 2, 1983. Superior court review of a decision of a civil service commission is limited to the record before the commission. *Eiden v. Snohomish Cy. Civil Serv. Comm'n,* 13 Wn. App. 32, 37, 533 P.2d 426 (1975). This court in turn is bound to review the same record which was considered by the trial court. *Eiden,* at 37.

█ The proper standard of review of a "good faith for cause" issue does not appear to have been given precise definition. Neither the Anacortes Civil Service ordinance nor RCW 41.12.090 provides a standard. However, we note that in this case, the facts have been found and are not contested on appeal. The only issue in reviewing a summary judgment is whether the undisputed facts support the dismissal, and that is a legal issue. *Hoagland v. Mt. Vernon Sch. Dist. 320,* 23 Wn. App. 650, 654, 597 P.2d 1376 (1979), *aff'd,* 95 Wn.2d 424, 623 P.2d 1156 (1981). Are the facts and conclusions of the hearing examiner sufficient to support a discharge in good faith for cause? We agree with the Civil Service Commission and the Superior Court that they are.

The examiner concluded the discharge was justified by the conduct of Nickerson in possessing and using marijuana—conduct violative of the law which Nickerson was duty bound to uphold. Such conduct, he concluded, was "not compatible with city employment" and was therefore ground for discharge under section 5.14.1(d) of the Anacortes Civil Service ordinance. This is tantamount to a

finding that Nickerson's performance as a police officer was adversely affected by the objectionable conduct.

Additionally, the hearing examiner found that discharge based on Nickerson's mental stress and his conduct in the motel on May 13, 1981, would not have been in good faith. Although not specifically stated, implicit in this finding is the determination that Nickerson's discharge was in good faith. A fact finder is not required to enter negative findings, particularly where such findings are implicit in its decision. *Fugitt v. Myers,* 9 Wn. App. 523, 513 P.2d 297 (1973). The hearing examiner's conclusion that Nickerson's firing was in good faith and for cause is supported by facts and tenable reasoning; it meets the requirements of the ordinance and must be sustained on appeal.

### REMEDY

Nickerson has had a full hearing on the issue of "good faith for cause." The record provides no basis for setting aside the findings of the Civil Service Commission and the Superior Court that Nickerson's discharge was in good faith and for cause. Nickerson contends, however, that the denial of a pretermination hearing compels that result. We disagree.

We are aware that in *Punton v. Seattle Pub. Safety Comm'n,* 32 Wn. App. 959, 650 P.2d 1138 (1982), this court ordered reinstatement with back pay as the appropriate remedy for denial of a pretermination hearing. However, a pretermination hearing under the procedures specified in the Seattle Police Department manual, as interpreted and applied in *Punton,* is significantly different from the type of pretermination hearing called for in *Loudermill.*

The hearing described in the *Punton* opinion is a hearing where all of the information is gathered and a recommendation is made by a neutral panel. *Punton,* at 968. The pretermination hearing required by *Loudermill* is less extensive, and there is no suggestion in *Loudermill* that the hearing cannot be held before the decisionmaker, which in the case sub judice would be the chief of police. The

description of the required hearing in the *Loudermill* opinion requires no more than an opportunity to respond to charges prior to discharge.

The Court specifically said:

> In general, "something less" than a full evidentiary hearing is sufficient prior to adverse administrative action. . . .
>
> . . .
>
> . . . To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.

*Loudermill,* at 545–46.

 Having been terminated without a pretermination hearing, Nickerson's discharge on September 4, 1981, was wrongful. However, at this juncture, Nickerson is entitled to no more than an evidentiary hearing before the superior court on the probable effect of the denial of a pretermination hearing. If the superior court finds and concludes that a pretermination hearing as required by *Loudermill* would, within reasonable probabilities, have prevented his discharge, then he is entitled to reinstatement with back pay and benefits from the date of his termination. If the superior court finds and concludes that a pretermination hearing would not have prevented his ultimate discharge, then Nickerson's remedy is limited to the recovery of such monetary damages, if any, as the court finds were proximately caused by the denial of a pretermination hearing.

## CONCLUSION

The judgment is reversed and remanded with directions to the superior court to proceed in accordance with this opinion.

WILLIAMS and COLEMAN, JJ., concur.