[No. 9247–6–II.   Division Two.   February 11, 1988.]

DEBRA L. BULLO, *Appellant,* v. THE CITY OF FIFE, ET AL, *Respondents.*

*Dean A. Floyd,* for appellant.

*Gordon A. Scraggin* and *Mann, King, Scraggin & Manger,* for respondents.

ALEXANDER, J.—Debra L. Bullo appeals the trial court's denial of her motion for summary judgment.[1] She claims on appeal that she was entitled to a summary judgment reinstating her to her position with the City of Fife because she was denied a pretermination hearing as required by *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985). The City of Fife contends that (1) *Loudermill* does not apply retroactively; (2) even if *Loudermill* applies retroactively, the City afforded her a pretermination hearing; (3) in any case, Bullo waived her right to object to the lack of a pretermination hearing by failing to raise the issue at the administrative hearing; and (4) Bullo waived her right to claim a deprivation of due process because she failed to comply with the union grievance procedure.

---

[1]Generally, a denial of a motion for summary judgment is not appealable. *See Sea–Pac Co. v. United Food & Comm'l Workers, Local 44,* 103 Wn.2d 800, 801–02, 699 P.2d 217 (1985). A denial of a motion for summary judgment may be reviewed, however, after a final judgment has been entered. *Rodin v. O'Beirn,* 3 Wn. App. 327, 332, 474 P.2d 903, *review denied,* 78 Wn.2d 996 (1970). Here, the trial court entered a final judgment pursuant to CR 54(b). In any event, the practical effect of the trial court's order was to grant a summary judgment in favor of the City on the retroactivity issue.

We hold that *Loudermill* applies retroactively; that Bullo did not waive her right to object to the lack of a pretermination hearing; and that the case should be remanded to the trial court for a determination of (1) whether the City furnished her a pretermination hearing and, (2) if not, whether the City's decision to terminate her would, within reasonable probabilities, have been different if the City had afforded Bullo a pretermination hearing.

Debra Bullo began employment as a police dispatcher with the City of Fife on April 2, 1980. The Mayor of Fife discharged her from that employment on October 3, 1984. Bullo appealed her termination to the Fife Civil Service Commission, which, after conducting a hearing, upheld the termination.

At the hearing before the Civil Service Commission the following facts emerged: Chief of Police James Paulson testified that Bullo's first personnel problem occurred when she made an unauthorized personal telephone call on October 20, 1983. He issued a written reprimand to Bullo for that infraction.

Paulson testified, further, that he began receiving additional complaints about Bullo's work beginning in July 1984. Some of Bullo's co-workers complained to Paulson that she (1) turned the radio down too low; (2) left her work area in an unusually dirty condition on one occasion; (3) took a party invitation out of a co-worker's mailbox; (4) gave another police officer incorrect information about bail procedures; (5) was discourteous to the public; and (6) was slow in answering calls from police officers. Bullo's supervisor was notified of these complaints.

Randall M. Larson, who for a time was Fife's acting Chief of Police, testified that he received complaints that (1) Bullo had sent personal messages over a computer in violation of the dispatcher's manual on August 14 and August 27, 1984; (2) Bullo had failed to log all calls on August 31, 1984. Larson recommended to the Mayor that Bullo be suspended, without pay, for 2 days for these two incidents. The Mayor concurred in this recommendation.

According to Bullo, before she was notified of the 2–day suspension, she requested a meeting with the Chief of Police to discuss another matter. When Bullo went to the meeting on September 27, 1984, she had not received notice that her suspension or termination would be discussed. Chief Paulson, Bullo's supervisor, and the city attorney were present at this meeting. Bullo's problem with a fellow employee was not discussed at length, although those present at the meeting said that they would look into the matter. Instead, they asked Bullo to resign based on what they claimed was her failure to log all calls and her unauthorized use of the computer. When she refused, she was given notice that her employment was suspended until October 3.

Fife's Mayor, Robert Mizukami, who was vested with the power to discharge employees of the City of Fife, was contacted about this same time by Chief Paulson concerning Bullo's performance as a dispatcher. After reviewing Bullo's personnel file, the Mayor determined that her employment should be terminated.

Mizukami did not meet with Bullo before signing a letter of dismissal on October 3, 1984. The Mayor said that he assumed that all of the charges against Bullo had been brought to her attention. The Mayor testified that his position on her termination might have been different if he had known that not all of the complaints had been brought to her attention and that she had not been given an opportunity to correct the problems.

When Bullo returned to work on October 3, following her suspension, she was handed the termination notice that had been signed by the Mayor. The notice included charges against Bullo that had not been brought to her attention at the September 27 meeting.

At the hearing, Bullo's counsel moved to "dismiss all of the charges" against her contending that she did not have any notice or knowledge of the charges before her termination. The Commission denied the motion and upheld Bullo's termination.

Bullo appealed the Commission's decision to the Pierce County Superior Court. Bullo moved for a summary judgment on grounds that she had not been afforded a pretermination hearing before being discharged. The court denied her motion, but indicated that, although it had not determined all of the issues in the case, the judgment on that issue was final and there was no just reason for further delay. CR 54(b). Bullo appealed.

I

## RETROACTIVITY OF *LOUDERMILL*

Bullo contends that the trial court should have granted her summary judgment motion. She claims that she was denied due process of law by the City of Fife because she was not afforded a pretermination hearing as required by *Cleveland Bd. of Educ. v. Loudermill, supra.* The City of Fife contends that the *Loudermill* decision should not apply retroactively.

An appellate court reviews the Civil Service Commission record to determine whether the Commission acted arbitrarily, capriciously, or contrary to law. *Butner v. Pasco,* 39 Wn. App. 408, 411, 693 P.2d 733, *review denied,* 103 Wn.2d 1028 (1985); *Benavides v. Civil Serv. Comm'n,* 26 Wn. App. 531, 534, 613 P.2d 807 (1980). *See also* RCW 41.12.090. The question of whether or not *Loudermill* should be applied retroactively is solely a question of law for this court to decide.

We must determine first whether Bullo has a protected property right in continued employment. The *Loudermill* Court held that once a state legislature confers a property right in public employment, the employee may not be deprived of that property right without constitutionally appropriate procedural safeguards, including a hearing before discharge. *Loudermill,* at 541. The Court in *Loudermill* concluded that because the Ohio Code provided that classified civil service employees were entitled to retain their positions "'during good behavior and efficient service,'" and because they could not be dismissed "'except

. . . for . . . misfeasance, malfeasance, or nonfeasance in office,'" the State of Ohio had conferred upon the employees a property interest in continued employment. *Loudermill*, at 538–39.

Here, similarly, the Washington Legislature, by adopting RCW 41.12.080,[2] created a property interest in continued employment. That statute provides that a tenured employee will serve "only during good behavior." Furthermore, RCW 41.12.090, provides that "[n]o person in the classified civil service who shall have been permanently appointed or inducted into civil service under provisions of this chapter, shall be removed, suspended, demoted or discharged except for cause, . . ." In our judgment, Bullo, by virtue of these two statutes, had a protected property interest in her continued employment with the City of Fife.

The Court in *Loudermill*, unfortunately, did not announce whether the decision was to be applied retroactively. There is also no Washington case directly on point.[3] The question of whether *Loudermill* should be applied retroactively is, therefore, one of first impression for this court.

---

[2]RCW 41.12 provides for civil service for police departments in various cities of the state, including Fife.

[3]The Washington Supreme Court has applied *Loudermill* retroactively without discussing the retroactivity issue. *Danielson v. Seattle*, 108 Wn.2d 788, 742 P.2d 717 (1987). Division One of this court has also applied *Loudermill* retroactively, without discussing the issue. *Nickerson v. Anacortes*, 45 Wn. App. 432, 725 P.2d 1027 (1986).

Courts in other jurisdictions have applied *Loudermill* retroactively, without directly reaching the retroactivity issue. *See, e.g., Matthews v. Harney Cy., Or., Sch. Dist. 4*, 819 F.2d 889 (9th Cir. 1987); *Brasslett v. Cota*, 761 F.2d 827 (1st Cir. 1985); *Fusco v. Motto*, 649 F. Supp. 1486 (D. Conn. 1986); *Leftwich v. Bevilacqua*, 635 F. Supp. 238 (W.D. Va. 1986); *DeSimone v. Board of Educ., South Huntington Union Free Sch. Dist.*, 612 F. Supp. 1568 (E.D.N.Y. 1985); *Stermetz v. Harper*, 612 F. Supp. 423 (W.D. Ark. 1984), *aff'd*, 794 F.2d 680 (8th Cir. 1986); *Williams v. Seattle*, 607 F. Supp. 714 (W.D. Wash. 1985); *Murray v. Department of Rev. & Taxation*, 504 So. 2d 561 (La. Ct. App. 1986).

■ "Generally decisional law is given retroactive effect although this practice is neither constitutionally nor statutorily compelled. . . ." *Bradbury v. Aetna Cas. & Sur. Co.,* 91 Wn.2d 504, 507–08, 589 P.2d 785 (1979). In determining whether civil case law should be applied retroactively, Washington courts have generally followed the factors in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 30 L. Ed. 2d 296, 92 S. Ct. 349 (1971); *In re Marriage of Ortiz,* 108 Wn.2d 643, 740 P.2d 843 (1987); *Barros v. Barros,* 34 Wn. App. 266, 272, 660 P.2d 770, *review denied,* 100 Wn.2d 1022 (1983).

Under *Chevron,* three factors are considered in the retroactivity analysis: (1) whether the decision establishes a new principle of law; (2) whether retroactive application will further or retard the purpose of the rule in question; and (3) whether applying the new decision will produce substantial inequitable results. *Chevron,* 92 S. Ct. at 355–56.

■ We note with interest the case of *Peery v. Brakke,* 826 F.2d 740 (8th Cir. 1987), in which the court analyzed the *Chevron* factors and determined that *Loudermill* should be applied retroactively. *Peery,* 826 F.2d at 744. The court in *Peery* pointed out that *Loudermill* did not constitute a clear break with the past decision:

> The decision did not overrule any prior case law nor did it extend due process to require any new protections. Long before *Loudermill* was decided, the right to "some kind of hearing" before termination was well–established.

(Citations omitted.) *Peery,* 826 F.2d at 744. As noted in *Peery,* the Court in *Loudermill* stated that the principle requiring some kind of a hearing had "been settled for some time now." *Loudermill,* at 542. We agree with the courts in *Peery* and *Loudermill* that the issue is settled and that we are not dealing with a new principle of law.

In our judgment, the other *Chevron* factors also favor retroactivity. The Court in *Loudermill* stated that the purpose of a pretermination hearing was to ensure accurate decisionmaking by giving an employee an opportunity to present his side of the case before termination. *Loudermill,*

at 543. Here, applying *Loudermill* retroactively would further the application of this rule by reinforcing the importance of providing pretermination hearings to employees. Furthermore, the City of Fife will not suffer any substantial inequitable results by having Bullo reinstated if that is the ultimate result here. If Bullo fails to perform satisfactorily in the future, the City of Fife is not precluded from discharging her again after following constitutionally required procedures. We hold that *Loudermill* should be applied retroactively, and the trial court erred in determining otherwise.[4]

## II
### WAIVER

The City of Fife contends that even if *Loudermill* applies retroactively, the trial court should be affirmed because Bullo waived her right to request a pretermination hearing by not raising this issue at the administrative level. We recognize that a trial court may be affirmed on any ground within the pleadings and record. *See, e.g., Northern Pac. Ry. v. State Utils. & Transp. Comm'n,* 68 Wn.2d 915, 924, 416 P.2d 337 (1966). We, however, do not believe that Bullo waived her right to a pretermination hearing.

Bullo's attorney objected at the hearing to the fact that Bullo had been terminated without knowledge or notice. By doing this he adequately raised the issue at the administrative level. Furthermore, the right to a pretermination hearing is a right afforded by the due process clause of the fourteenth amendment to the United States Constitution, which may be raised for the first time on appeal. *Nickerson v. Anacortes,* 45 Wn. App. 432, 725 P.2d 1027 (1986). *See also* RAP 2.5(a)(3).

---

[4]Other courts have discussed the retroactivity issue and held that *Loudermill* should be applied retroactively. *Gurish v. McFaul,* 801 F.2d 225 (6th Cir. 1986); *Maurello v. Department of Health & Human Resources,* 510 So. 2d 458 (La. Ct. App.), *review denied,* 514 So. 2d 460 (La. 1987). *But see Lee v. State Dep't of Health,* 411 N.W.2d 108 (S.D. 1987) (holding that *Loudermill* should not be applied retroactively).

## III
### REMEDY

Because we have determined that *Cleveland Bd. of Educ. v. Loudermill, supra,* applies retroactively, we reverse and remand for further proceedings. The trial court should determine whether the City of Fife afforded Bullo a pretermination hearing. The City suggests that she received such a hearing, but the trial court has never directly addressed that issue. If the trial court deems the record insufficient to evaluate this factual question, it may take additional evidence or it may remand the matter to the Civil Service Commission for the taking of evidence.

Furthermore, even if the trial court determines on remand that the City of Fife did not afford Bullo a pretermination hearing according to the dictates of *Loudermill,* Bullo is not necessarily entitled to reinstatement. We agree with the reasoning in *Nickerson v. Anacortes, supra,* that the trial court still must determine, within reasonable probabilities, whether a pretermination hearing would have prevented a discharge even if it was afforded to her. If the trial court determines that a pretermination hearing was not afforded Bullo and that a hearing would have prevented her discharge, then Bullo is entitled to reinstatement with back pay and benefits from the date of termination. If the trial court concludes, however, that a pretermination hearing would not have prevented Bullo's discharge, then her remedy, if she does not prevail on the merits, is limited to recovery of monetary damages, if any, proximately caused by the City's denial of a pretermination hearing. *See Nickerson,* 45 Wn. App. at 441.

## IV
### GRIEVANCE PROCEDURE

Finally, the City of Fife contends that Bullo cannot object to the lack of a pretermination hearing because she did not follow the grievance procedures contained in the union contract with the City. We decline to address this

issue because the record does not contain the entire union contract.

We reverse and remand to the trial court for proceedings consistent with this opinion.

REED, C.J., and PETRICH, J., concur.