IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL JOHN McGOWAN, JR., and BETH ANN McGOWAN, husband and wife, | ) ) ) ) | No. 33428-7-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| CITY OF ASOTIN and DOES I through X, | ) ) ) | |
| Respondents. | ) ) ) | |

LAWRENCE-BERREY, J. — Michael John McGowan, Jr., brought suit against his former employer, the city of Asotin (City), for violation of his civil service rights under chapter 41.12 RCW, breach of contract, and wrongful discharge. The trial court dismissed Mr. McGowan's claims on summary judgment. Mr. McGowan contends that the trial court improperly dismissed his claim under chapter 41.12 RCW, and his claims for breach of contract and wrongful discharge—both which derive from his statutory claim. We disagree and affirm the trial court.

FACTS

In August 2008, the City hired Michael McGowan as a police officer. Mr.

McGowan became the third full-time employee of the City's police department; the other

two employees were Chief of Police Lee Reed and William Derbonne. At the time of Mr.

McGowan's hire, and for all times relevant thereafter, the City's personnel manual

provided in relevant part:

> Unless specific rights are granted to them in employment contracts or civil
> service rules, or collective bargaining agreements, all employees of the City
> are considered at-will employees and may be terminated from City
> employment at any time, with or without cause and with or without notice.

Clerk's Papers (CP) at 31.

As a consequence of employing three full-time police officers, the City established

a city police civil service commission via an ordinance passed on October 27, 2008. In

May 2009, Chief Reed resigned, and the City's full-time police force was reduced to two

employees—Mr. McGowan and Mr. Derbonne. In September 2009, the City repealed its

city police civil service commission via another ordinance that "cancelled and abolished"

the city police civil service commission. CP at 54.

In July 2010, the City issued Mr. McGowan a written disciplinary warning for

insubordination based on his unwillingness to conduct a driving under the influence

(DUI) arrest. The next month, the City issued Mr. McGowan a final written

2

insubordination warning, identifying both his failure to perform as expected on DUI

emphasis patrols and his absence from scheduled training.

On October 19, 2010, the City terminated Mr. McGowan "effective immediately."

CP at 59. The written termination form identified that Mr. McGowan had missed another

training session, and "lack[s] the necessary skills to meet [the City's] expectations."

CP at 59. Mr. McGowan responded by sending the City a letter that stated "the City of

Asotin was negligent in not moving forward with the establishment of a Civil Service

Commission once [it] hired three full time officers in 2008." CP at 60. According to Mr.

McGowan, the City did not offer him a pretermination hearing.

In June 2013, Mr. McGowan sued the City for violations of chapter 41.12 RCW,

breach of contract, and wrongful discharge. Mr. McGowan alleged that the City "denied

[him] due process by not establishing a civil service commission to review the alleged

incidents which ultimately led to his termination." CP at 5. In December 2014, the City

moved for summary judgment. The City argued that it complied with chapter 41.12 RCW

as it assembled a city police civil service commission after Mr. McGowan was hired, and

then lawfully dismantled it when the full-time members of the city police department

dropped below three. After the trial court requested and considered supplemental

3

briefing, it granted the City's motion dismissing Mr. McGowan's claims. Mr. McGowan

timely appeals.

ANALYSIS

This court reviews an order granting summary judgment de novo, and engages in

the same inquiry as the trial court. *Seattle Police Officers Guild v. City of Seattle*, 151

Wn.2d 823, 830, 92 P.3d 243 (2004). This court "consider[s] the facts and all reasonable

inferences from the facts in the light most favorable to the nonmoving party." *Lane v.

Harborview Med. Ctr.*, 154 Wn. App. 279, 288, 227 P.3d 297 (2010). "The object and

function of summary judgment procedure is to avoid a useless trial." *Barber v. Bankers

Life & Cas. Co.*, 81 Wn.2d 140, 144, 500 P.2d 88 (1972).

Summary judgment is appropriate if no genuine issue of material fact exists, and

the moving party is entitled to judgment as a matter of law. CR 56(c). "A material fact

exists when the outcome of the litigation depends on its resolution." *Seattle Police

Officers Guild*, 151 Wn.2d at 830. The initial burden is on the moving party to show

there is no genuine issue of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216,

225, 770 P.2d 182 (1989). "The burden then shifts to the nonmoving party to set forth

specific facts demonstrating a genuine issue for trial." *Am. Exp. Centurion Bank v.

Stratman*, 172 Wn. App. 667, 673, 292 P.3d 128 (2012). "Mere allegations or conclusory

4

statements of facts unsupported by evidence are not sufficient to establish a genuine issue." *Rucker v. NovaStar Mortg., Inc.*, 177 Wn. App. 1, 10, 311 P.3d 31 (2013).

A.      *Mr. McGowan's Civil Service Due Process Claim Under Chapter 41.12 RCW*

Chapter 41.12 RCW sets forth civil service rules for the police officers of cities and towns. Tenured, full-time city police officers covered by chapter 41.12 RCW have a property interest in continued employment. *Bullo v. City of Fife*, 50 Wn. App. 602, 607, 749 P.2d 749 (1988); *see* RCW 41.12.090. The due process clause of the United States Constitution safeguards a person's property interest by requiring notice and an opportunity to be heard prior to any governmental deprivation of a property interest. Therefore, a police officer covered by chapter 41.12 RCW is entitled to a pretermination *Loudermill*[1] hearing. *See Nickerson v. City of Anacortes*, 45 Wn. App. 432, 437-38, 725 P.2d 1027 (1986); *accord Bullo*, 50 Wn. App. at 606-07.

Both parties cite and rely on RCW 41.12.010 and RCW 41.12.020 in their arguments for and against application of chapter 41.12 RCW to Mr. McGowan's termination.

---

[1] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed.

5

RCW 41.12.010 provides in relevant part:

The provisions of this chapter shall have no application to cities and towns . . . which shall subsequently provide for civil service in the police department by local charter or other regulations . . . nor to cities having a police force of not more than two persons including the chief of police.

RCW 41.12.020 provides:

If any of the cities or towns referred to in RCW 41.12.010 shall at any time repeal the charter provisions or other local acts of said cities or towns providing for civil service for police officers as referred to in RCW 41.12.010, in that event this chapter shall apply to all of such cities and towns which have at any time abolished civil service for members of the police department.

Focusing on RCW 41.12.020, Mr. McGowan argues that once a city or town adopts civil service rules for police officers, *any* attempt to abolish those rules results in the application of chapter 41.12 RCW. In response, the City argues that chapter 41.12 RCW applies only if a city or town employs more than two police officers. The City adds that RCW 41.12.020, read in harmony with RCW 41.12.010, causes chapter 41.12 RCW to apply only when a city or town *with more than two police officers* abolishes its own civil service rules.

In *State v. King*, 149 Wn. App. 96, 101, 202 P.3d 351 (2009), we set forth rules of statutory construction that assist us here in our analysis:

---

2d 494 (1985).

Statutory interpretation is a question of law we review de novo. *State v. Swecker*, 154 Wn.2d 660, 665, 115 P.3d 297 (2005). Our primary objective is to carry out the legislature's intent. *State v. Young*, 125 Wn.2d 688, 694, 888 P.2d 142 (1995). We determine intent by looking at the statute's language. *Id.* We begin with the statutory language, try to read the statute as a whole, and harmonize each provision. *State v. Thorne*, 129 Wn.2d 736, 761, 921 P.2d 514 (1996). We harmonize provisions by giving meaning to every word the legislature includes in a statute to avoid rendering any word superfluous. *State v. Cooper*, 156 Wn.2d 475, 483, 128 P.3d 1234 (2006).

Mr. McGowan's proposed construction is not consistent with the above rules. Mr. McGowan's proposed construction would make chapter 41.12 RCW applicable even when the city or town does not employ more than two police officers. Such a result is not in harmony with RCW 41.12.010, which states that RCW 41.12.010 applies only when a city or town employs more than two police officers.

Whereas, the City's proposed construction allows us to harmonize both statutes. The City's construction gives meaning to the requirement that chapter 41.12 RCW does not apply unless the city or town employs more than two police officers. We therefore hold that when a city or town that does not employ more than two police officers abolishes its civil service rules, chapter 41.12 RCW does not apply. We conclude that chapter 41.12 RCW does not apply to Mr. McGowan's termination, and the trial court properly dismissed this claim on summary judgment.

B.     *Mr. McGowan's Breach of Contract and Wrongful Discharge Claims*

Mr. McGowan argues that the City's failure to follow chapter 41.12 RCW is a breach of contract and also constitutes wrongful discharge. As previously held, chapter 41.12 RCW does not apply to Mr. McGowan's termination. We therefore conclude that the trial court properly dismissed these claims on summary judgment.

C.     *The City's Request for Sanctions*

Pursuant to RAP 18.9, the City requests sanctions against Mr. McGowan for a frivolous appeal. "'[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.'" *Granville Condo. Homeowners Ass'n v. Kuehner,* 177 Wn. App. 543, 557-58, 312 P.3d 702 (2013) (quoting *Streater v. White,* 26 Wn. App. 430, 435, 613 P.2d 187 (1980)). "'[A]n appeal that is affirmed simply because the arguments are rejected is not for that reason alone frivolous.'" *Id.* at 558 (quoting *Carrillo v. City of Ocean Shores,* 122 Wn. App. 592, 619, 94 P.3d 961 (2004)). Doubts as to whether an appeal is frivolous should be resolved in favor of the appellant. *Tiffany Family Trust Corp. v. City of Kent,* 155 Wn.2d 225, 241, 119 P.3d 325 (2005) (quoting *Green River Cmty. Coll. Dist. No. 10 v. Higher Educ. Pers. Bd.,* 107 Wn.2d 427, 442-43, 730 P.2d 653 (1986)). Raising at least one debatable issue precludes a finding of

frivolousness. *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010).

Here, Mr. McGowan's argument that chapter 41.12 RCW applies to his termination was based on a reasonable construction of RCW 41.12.020. Unfortunately for him, we were required to harmonize that statute with RCW 41.12.010. Once harmonized, we agreed that the City's proposed construction best satisfied applicable rules of statutory construction. Simply because we agreed with the City's construction does not authorize us to award sanctions against Mr. McGowan. For this reason, we deny the City's request for sanctions.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Siddoway, J.