## Daugherty v. Commonwealth.

Feb. 5, 1943.

S. A. Cary for appellant.

Hubert Meredith, Attorney General, and Frank A. Logan, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

Appellant was convicted of arson, and sentenced to two years confinement in the penitentiary. He insists that the judgment should be reversed because the Court permitted the introduction of incompetent testimony, the elimination of which would leave the Commonwealth without any evidence indicating appellant's guilt.

The allegedly incompetent evidence consisted of proof that bloodhounds, following a trail starting with footprints near the burned barn, went to appellant's home where they had to be restrained from entering, and refused to go further. The objection is predicated upon the alleged nonobservance of the rule that before testimony concerning the actions of bloodhounds may be admitted, it must be shown that they are actually of the breed so designated, trained, skilled, and tested in the trailing of human beings; but we think all of these facts were sufficiently established by the testimony of the owner. True, the dogs had not been registered, but their sire and dam had, and, as stated by us in the case of Bullock v. Commonwealth, 249 Ky. 1, 60 S. W. (2d) 108, 109, 94 A. L. R. 407, where a similar objection was raised:

"A certificate of pedigree is a mere declaration of the line of ancestors. There is no difference between an oral statement of a line of ancestors of a dog and a certificate of pedigree, except in form. The one is no more hearsay evidence than the other; neither is hearsay evidence in its technical sense."

It must be conceded that without the evidence furnished by the actions of the bloodhounds, the proof, though conducive of suspicion, falls far short of overcoming the presumption of innocence which the law raises in behalf of an accused.

Appellant's home was some four or five hundred yards from the burned barn, but there was no proof that he had visited the barn the night of the fire which occurred shortly before midnight. According to a Commonwealth's witness who had spent the night at appellant's home, appellant, early next morning, said to the woman who was preparing breakfast, "Hurry, because Oda (Oda Maxwell, the owner of the barn) will be here with the hounds." The Commonwealth insists that ap-

pellant could have had no reason to anticipate a visit from the bloodhounds had he not been at the barn; and that the quoted statement, undenied and unexplained, was sufficient evidence of guilt to take the case to the jury. Although the argument is plausible, we feel that the statement is susceptible to too many constructions to constitute an admission of guilt.

It is the law of this State that evidence furnished by the actions of bloodhounds, though coupled with evidence conducive of suspicion, is insufficient to support a conviction. Meyers v. Commonwealth, 194 Ky. 523, 240 S. W. 71.

Judgment reversed for proceedings consistent with this opinion.