■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS NOEL ROSS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment, following a nonjury trial, which convicted him of manslaughter in the second degree for the strangulation death of his girlfriend Victoria Massey following an argument in the house where they resided. Defendant contends that his constitutional rights to counsel were violated when he was questioned in jail about the homicide by Cynthia Nuwer, a long-time friend, who he claims was acting as a police agent. There is no dispute that at the time Cynthia Nuwer visited with defendant at the Erie County Holding Center, defendant's right to counsel had indelibly attached by virtue of his prior arraignment and the assignment of counsel. Once that right to counsel has attached, the police "have an affirmative obligation not to act in a manner that circumvents and thereby

dilutes the protection" afforded by the Constitution *(Maine v Moulton,* 474 US —, —, 106 S Ct 477, 479; *People v Grainger,* 114 AD2d 285, 288). "That obligation pertains whether applied to direct communication between the suspect and the police, or to communication between the suspect and one acting as an agent of the police" *(People v Grainger, supra,* p 288; *see, Massiah v United States,* 377 US 201). We find no evidence in the record that Cynthia was acting as an agent of the police when she went to visit defendant. Although it appears that prior to her visit Cynthia had talked to a State Police investigator who was also a friend, her unrebutted testimony at the pretrial hearing was that she went to visit defendant on her own volition. The mere fact that the police are aware that an individual is going to visit a defendant in jail, without more, does not give rise to any "affirmative obligation" on the part of the police to instruct that individual not to question defendant about the circumstances of the crime. Thus, the court did not err in denying defendant's motion to suppress statements made to Cynthia Nuwer *(see, People v Cardona,* 41 NY2d 333).

Upon our review of the record, we find legally sufficient evidence to support a conviction for reckless manslaughter. Since there was some evidence that defendant had been drinking prior to strangling Miss Massey, there is proof that defendant acted recklessly in causing her death. We find no merit to defendant's claim that his sentence was excessive and an abuse of discretion. (Appeal from judgment of Supreme Court, Erie County, Armer, J.—manslaughter, second degree.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.