■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT H. WATERS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered May 31, 1984, convicting him of attempted murder in the first degree, robbery in the first degree, robbery in the second degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's constitutional and statutory right to have a petit jury "selected at random from a fair cross-section of the

community" was not violated (Judiciary Law § 500; *People v Guzman*, 60 NY2d 403, *cert denied* 466 US 951). At his pretrial hearing, the defendant failed to show that blacks between the ages of 18 and 21 years old constituted a recognizable group in the community *(see, People v Chesler*, 91 Misc 2d 551, *revd on other grounds* 71 AD2d 792; *People v Rosado*, 89 Misc 2d 61; *People v Attica Bros.*, 79 Misc 2d 492; *see also, Barber v Ponte*, 772 F2d 982 [en banc]), or that their underrepresentation in the jury pool was caused by systematic exclusion *(see, People v Guzman, supra)*. While the county's practice of soliciting the names and addresses of recent high school graduates to supplement its list of potential jurors drawn from other sources *(see,* Judiciary Law § 506) was concededly "poorly administered", the hearing record also indicates that many high schools declined to respond to the solicitation, a factor which rebuts the appearance of intentional discrimination *(see, People v Guzman, supra)*.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur. *[See,* 123 Misc 2d 1057.]