■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. MUGGELBERG, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not err in refusing to grant defendant's written request to charge the jury on the defense of alibi. The request was improper because it misstated the alleged alibi evidence. Contrary to the language of the requested instruction, none of the witnesses referred to gave evidence tending to show that defendant was elsewhere at the time the murder was committed or the body was disposed of. Moreover, there was no evidence of alibi in the record except defendant's statement given to the police. Although defendant now contends that his statement, which was introduced as part of the People's main case, was sufficient to raise an alibi defense, this point was not brought to the court's attention when the alleged error could have been corrected and thus, is not preserved for review *(People v Karabinas,* 63 NY2d 871, 872). Even if we were to hold that it was error to refuse to charge the defense of alibi, we would deem it harmless. The proof of guilt was overwhelming and defendant's statement placed him near the scene of the crime at the time it occurred.

The court properly admitted evidence of trailing of the victim by a bloodhound *(see, People v Centolella,* 61 Misc 2d 726; Annotation, *Evidence of Trailing by Dogs in Criminal Cases,* 18 ALR3d 1221). The prosecution laid the proper foundation for that evidence, and the court gave the required cautionary instruction *(see, People v Centolella,* 61 Misc 2d 726, *supra; cf., People v Whitlock,* 183 App Div 482).

We find no merit in defendant's remaining arguments that

the court erred in refusing to grant defendant's motion to excuse a juror for cause and that the court should have granted a mistrial because of the action of the victim's mother in displaying a photograph of the victim in the presence of the jury. (Appeal from judgment of Erie County Court, La Mendola, J.—murder, second degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.