■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOSEPH ABDULLAH, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered December 8, 1981, convicting him of murder in the second degree (two counts), and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court erred in denying his application for a plenary hearing concerning the admissibility of his jailhouse confession made to a fellow inmate. The court permitted lengthy questioning of the inmate out of the presence of the jury, and the uncontradicted testimony and documentary evidence adduced pursuant thereto demonstrated that the inmate was not in any manner solicited by or working on behalf of law enforcement authorities at the time the defendant made incriminating statements to him. Hence, there was no basis for a plenary hearing or for suppression of the statements, as the mere fact that the District Attorney was subsequently contacted by the inmate and agreed to exchange favorable treatment on his pending charges in return for his testimony does not suffice to establish the existence of an agency relationship *(see generally, People v Cardona,* 41 NY2d 333; *People v Ross,* 122 AD2d 538, *lv denied* 68 NY2d 816; *People v Farley,* 120 AD2d 761).

Additionally, the trial court did not abuse its discretion in denying the defendant's motion for a mistrial based upon the inmate's reference during his trial testimony to a newspaper story which stated that the defendant had confessed to the

police. The improper testimony was not deliberately elicited by the prosecution. Moreover, the defense counsel was made aware of this inadmissible evidence during the questioning of the inmate outside the presence of the jury, yet did not seek to preclude the admission of that testimony in the presence of the trial jury. Similarly, the counsel failed to object to the challenged remark during the testimony of the witness, belatedly moved for a mistrial, and declined the court's offer of appropriate curative instructions (see, e.g., People v Brotherton, 122 AD2d 850, lv denied 69 NY2d 709; People v Blackshear, 112 AD2d 1044, lv denied 66 NY2d 917). Furthermore, in light of the fact that the defendant also referred to the prior confession in his own admissions made to the witness, we concur in the trial court's determination that the potential prejudice to the defendant as a result of the allegedly improper testimony was not sufficient to warrant a mistrial.

Similarly unavailing is the defendant's claim that the trial court erred in admitting certain police dog-tracking evidence at trial. The proof adduced at a hearing held to determine the admissibility of such evidence amply demonstrated the extensive training of both the dog and its handler in the area of human scent tracking, the established record of the dog's accuracy and reliability in this field, and the fact that the dog was introduced to a site where the perpetrator was known to have been under conditions which indicated that the scent trail was still present at the time the tracking took place (see generally, People v Centolella, 61 Misc 2d 723). Hence, a proper foundation was laid for the admission of the evidence. In view of the aforementioned proof, we note that the lack of evidence of the dog's pedigree was in itself not sufficient to warrant the exclusion of the tracking evidence at trial as unreliable (see, State v Bourassa, 137 Vt 62, 399 A2d 507). Furthermore, the trial court properly instructed the jurors that the evidence was of "slight probative value" and was to be viewed with "utmost caution" (see, People v Centolella, supra).

We find the defendant's contention that he was denied the right to present a witness in his own defense to be without merit. The record reveals that the defense counsel withdrew his application to introduce testimony of alleged declarations against penal interest made by a third party to an investigator hired by the defense after the court held a hearing on their admissibility and before it could render a decision. In any event it is clear from the hearing record that the alleged statements to the investigator would not have been admissible

as declarations against penal interest, for the defendant failed to establish that the declarant was aware that the statements were against his penal interest, that the declarant had competent knowledge of the underlying facts, and that there was adequate independent evidence to demonstrate the reliability of the statements *(see, People v Brensic,* 70 NY2d 9, *mot to amend remittitur granted* 70 NY2d 722). Indeed, the statements were factually vague and were clearly motivated by the declarant's desire to impress the investigator, hence, they bore no discernable indicia of reliability.

The defendant's claim that his guilt was not established is also unpersuasive. The evidence of the Medical Examiner in conjunction with the defendant's confession, as well as the additional circumstantial evidence, was legally sufficient to support his conviction *(see,* CPL 60.50; *People v Murray,* 40 NY2d 327, *cert denied* 430 US 948; *People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we find that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further find meritless the defendant's contention that he was denied a fair trial due to unfavorable media publicity, as the trial record overwhelmingly establishes that the court took great caution in questioning and instructing the jurors, both individually and collectively, on several occasions so as to assure the defendant a fair trial by a jury free from outside influences. There is no evidence in the record that any of the jurors disobeyed the court's instructions or otherwise allowed themselves to be influenced by media reports concerning the instant crimes and the trial.

Finally, the defendant's motion challenging the composition of the jury pool and its lack of young adults between the ages of 18 and 24 failed to include an affidavit by one with personal knowledge of the facts, made reference only to an uncertified list of alleged population figures for Suffolk County, and failed to explain the manner, if any, in which the defendant calculated the number of 18 and 19 year olds in providing a total population figure for county residents aged 18 to 24. Moreover, the defendant failed to support his contention that 18 to 24 year olds constitute a recognizable group for the purposes of jury selection *(see, People v Guzman,* 60 NY2d 403, *cert denied* 466 US 951; *People v Bartolomeo,* 126 AD2d 375, *lv denied* 70 NY2d 702; *People v Waters,* 125 AD2d 615, *lv denied* 69 NY2d 956). Hence, the trial court acted properly in rejecting his

claim. Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.