■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROGERS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the third degree, criminal possession of stolen property in the fifth degree and petit larceny, all arising from the theft of a diamond drill press from the premises of Syracuse Ladder and Scaffolding Company. He made a pretrial motion to suppress the drill, which was seized from a pickup truck in which he was a passenger. On appeal defendant contends that the police lacked reasonable suspicion to stop the pickup truck. We disagree.

On December 30, 1987 at about 12:50 A.M., Officer Conley of the Syracuse Police Department responded to a police radio report of a burglary at the premises of Syracuse Ladder and Scaffolding Company. At the time, the ground was covered with snow. When Officer Conley arrived at the scene he was told that there had been a breakin on the west side of the building and he was instructed by another officer to investigate a truck which was parked about one block away. The area was essentially industrial in nature; it included open fields but no residences. As Officer Conley approached the vehicle, two men, whose clothes were covered with snow from their waists down, entered the pickup truck and it left the

scene. Given these facts, Officer Conley possessed the requisite reasonable suspicion to stop the vehicle *(see,* CPL 140.50 [1]; *People v Cantor,* 36 NY2d 106).

Also without merit is defendant's argument that the People failed to prove the reliability of the hearsay information received by Officer Conley prior to stopping the truck. "The *reliability* of the information conveyed may be assumed by the officer in the field *(People v Lypka,* 36 NY2d 210, 213-214) and by the suppression court as well so long as defendant raises no specific challenge *(People v Jenkins,* 47 NY2d 722)." *(People v Dodt,* 61 NY2d 408, 416 [emphasis in original].) Defense counsel's ambiguous statement at the close of the suppression hearing was insufficient to apprise the People that defendant sought to challenge the reliability, as opposed to the sufficiency, of Officer Conley's information *(see, People v Fenner,* 61 NY2d 971). Absent a specific challenge to the reliability of the hearsay information, the issue is unpreserved for review *(see, People v Dodt, supra,* at 416; *People v Weston,* 56 NY2d 844).

We have examined defendant's other arguments on appeal and find them to be without merit. (Appeal from judgment of Onondaga County Court, Burke, J.—burglary, third degree, and other charges.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.