■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL F. SCHULTZ, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Contrary to defendant's contention, the trial court did not deprive defendant of his right to cross-examine the prosecution's witnesses. The court permitted extensive cross-examination of the witnesses concerning their drug dealings. When the court did sustain some of the questions about drug dealings, it did so based upon the improper form of the questions. At one point, defense counsel withdrew his question.

The court did not err in admitting a gun into evidence. The People established a sufficient connection between the gun and the defendant to warrant its admission as relevant evidence *(see, People v Mirenda,* 23 NY2d 439, 453).

The sentence of 1 to 6 years' imprisonment on the conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (4) is illegal, however, because the

minimum period of imprisonment must be one third of the maximum *(see,* Penal Law § 70.02 [2] [c]; [4]). Accordingly, we modify the sentence on that conviction to a term of incarceration with a maximum of three years and a minimum of one year. (Appeal from judgment of Orleans County Court, Miles, J.—murder, second degree.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.