■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE CLARK, SR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in charging assault in the second degree based on reckless conduct (see, Penal Law § 120.05 [4]) as a lesser included offense of assault in the first degree because there is no reasonable view of the evidence that would support a finding that he committed the lesser offense but not the greater (see, People v Glover, 57 NY2d 61, 63). Defendant did not object to the court's charge on this basis and, thus, the issue is not preserved for our review (see, CPL 470.05 [2]). We decline to exercise our power to review it in the interest of justice (see, CPL 470.15 [6]).

Defendant also contends that the People were required to call Officer Conley as a witness at the suppression hearing in order to prove the reliability of the hearsay information conveyed by him to Officer Gay. This issue is unpreserved for our review because defendant made no specific challenge to the reliability of Officer Conley's information (see, People v Rogers, 152 AD2d 947, 948, lv denied 74 NY2d 851; see also, People v Dodt, 61 NY2d 408, 416).

We have examined defendant's remaining contentions and find them to be lacking in merit. (Appeal from judgment of Onondaga County Court, Mulroy, J.—assault, second degree.) Present—Dillon, P. J., Doerr, Boomer, Davis and Lowery, JJ.