■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON JOHNSON, Appellant. (Appeal No. 2.)—Appeal unanimously dismissed. Same memorandum as in *People v Johnson* ([appeal No. 1] 166 AD2d 899 [decided herewith]). (Appeal from judgment of Monroe County Court, Maloy, J.—burglary, third degree.) Present—Dillon, P. J., Callahan, Boomer, Green and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIE SHIPP, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction, following a jury trial, for two counts of robbery in the second degree and one count of grand larceny in the third degree. He contends that he was deprived of a fair trial by the court's failure to provide the jury with the "required cautionary instruction" *(People v Muggelberg,* 132 AD2d 988, *lv denied* 70 NY2d 958) that dog-tracking evidence is of " 'slight probative value' " and is to be viewed with " 'utmost caution' " *(People v Abdullah,* 134 AD2d 503, 504, *lv denied* 71 NY2d 965; *People v Centolella,* 61 Misc 2d 723, 725). Although defendant was entitled to the charge, he did not object to the admission of the dog-tracking evidence on lack of foundation grounds, did not object to the charge as given, nor did he request the court to provide further cautionary instructions at a time when the court could have corrected its omission. Consequently, defendant has failed to preserve this issue for review as a matter of law *(see, People v James,* 75 NY2d 874, 875). (Appeal from judgment of Monroe County Court, Maloy, J.—robbery, second degree.) Present—Dillon, P. J., Callahan, Boomer, Green and Balio, JJ.