■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. WILDER, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that his plea was involuntarily entered. The issue of defendant's intoxication during the commission of the robbery became apparent from the testimony at the suppression hearing. During the plea colloquy, the court inquired of defense counsel, an experienced Public Defender, whether he had discussed all possible defenses with defendant, and he stated that he had discussed the case thoroughly with defendant, especially after the suppression hearing. Under the circumstances of this case, the court's failure to inquire further into the possible defense of intoxication does not require vacatur of the plea, particularly in the absence of any suggestion that defendant was unaware of the possible defense of intoxication.

Further, we conclude that there was probable cause for defendant's arrest. While proof provided by the evidence of tracking by a bloodhound alone would not be sufficient to support a conviction, it was sufficient, together with the other evidence, to establish probable cause to believe that defendant committed the robbery (see, People v Price, 54 NY2d 557; People v Muggelberg, 132 AD2d 988, lv denied 70 NY2d 958).

Finally, we reject defendant's argument that the police procedures in exhibiting photo arrays to the victims were impermissibly suggestive. (Appeal from Judgment of Wayne County Court, Strobridge, J.—Robbery, 3rd Degree.) Present—Boomer, J. P., Pine, Lawton, Fallon and Doerr, JJ.