■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN K. VANDENBOSCH, Appellant. [628 NYS2d 904] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of leaving the scene of an accident without reporting it in violation of Vehicle and Traffic Law

§ 600 (2). We reject his contention that the People failed to lay a proper foundation for the admission of dog tracking evidence. The People presented evidence of the dog's pedigree, the training of the dog and her handler regarding human scent tracking, and the established record of the dog's accuracy and reliability. They also showed that the dog was introduced to a site where defendant's scent was still present *(see, People v Abdullah,* 134 AD2d 503, 504, *lv denied* 71 NY2d 965; *People v Muggelberg,* 132 AD2d 988, *lv denied* 70 NY2d 958; *People v Centolella,* 61 Misc 2d 723). Further, the People presented other evidence of defendant's guilt *(see, People v Centolella, supra,* at 725), and the court accorded minimal weight to the dog tracking evidence *(see, People v Abdullah, supra,* at 504; *People v Muggelberg, supra; People v Centolella, supra,* at 725).

The circumstantial evidence presented at trial is legally sufficient to support the conviction, and we conclude that the verdict is not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The sentence imposed, a one-year term of imprisonment, is not unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Punch, J.—Leaving Scene of Incident.) Present—Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.