# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1063**
**KA 12-01261**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

ANTHONY J. DIXON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered April 2, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]), and one count of reckless endangerment in the first degree (§ 120.25). Defendant contends that the People failed to establish that the police had reasonable suspicion to detain him for a showup identification because they failed to establish the reliability of the dog tracking evidence that the police used to assist them in locating him. Defendant's contention is not preserved for our review (*see People v Lewis*, 97 AD3d 1097, 1097-1098, *lv denied* 19 NY3d 1103; *People v Cruz*, 89 AD3d 1464, 1465-1466, *lv denied* 18 NY3d 993; *People v Clark*, 161 AD2d 1181, 1181, *lv denied* 76 NY2d 786). In any event, the evidence at the suppression hearing, even without the dog tracking evidence, supports Supreme Court's determination that the police had the requisite reasonable suspicion. A description of the suspect was broadcast over the police radio, and officers arrived at the house where defendant was found crouching on the front porch, which was in geographic and temporal proximity to the scene of the crime, even before the dog tracking team arrived at that same location (*see People v Carr*, 99 AD3d 1173, 1175, *lv denied* 20 NY3d 1010; *People v Johnson*, 174 AD2d 694, 694-695).

We reject defendant's further contention that he was denied

effective assistance of counsel.  The People established the relevance of a gray hooded sweatshirt found at the house where defendant was apprehended inasmuch as two witnesses observed the suspect wearing a gray hooded sweatshirt at the time of the shooting (*see People v Schultz*, 156 AD2d 944, 944, *lv denied* 82 NY2d 808).  Therefore, defense counsel's failure to object to the admission of the sweatshirt in evidence does not constitute ineffective assistance of counsel inasmuch as such an objection would have had little to no chance of success (*see People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  Although defense counsel failed to object to the lack of a foundation for the dog tracking evidence (*see People v Towsley*, 85 AD3d 1549, 1551, *lv denied* 17 NY3d 905; *People v Vandenbosch*, 216 AD2d 884, 885, *lv denied* 86 NY2d 804; *People v Abdullah*, 134 AD2d 503, 504, *lv denied* 71 NY2d 965), and failed to request a limiting instruction with respect to that evidence (*see People v Gangler*, 227 AD2d 946, 946, *lv denied* 88 NY2d 985, *reconsideration denied* 89 NY2d 922; *Abdullah*, 134 AD2d at 504), we conclude that those errors were not so egregious and prejudicial to defendant as to deny him a fair trial (*see People v Releford*, 126 AD3d 1407, 1408, *lv denied* 25 NY3d 1170; *see generally People v Turner*, 5 NY3d 476, 480).  The dog tracking evidence concerned only the issue of defendant's identity as the shooter, and the evidence established that the police located defendant after the shooting even without the dog tracking evidence. In addition, two witnesses identified defendant at trial as the shooter.  We therefore conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant was afforded meaningful representation (*see People v Baldi*, 54 NY2d 137, 147).

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court